## Gulf, Colorado & Santa Fe Railway Company
## v. W. F. Cunningham.

### No. 984.

**Railway Company—Negligence—Stockpens.**—It is not negligence for a railway company not to have its stockpen and chute for loading cattle on the cars inclosed or guarded against trespassing boys, such structure being itself a substantial inclosure.

Appeal from the County Court of Tarrant. Tried below before Hon. W. D. Harris.

*J. W. Terry*, for appellant.—It was error for the court to charge on an issue of negligence on which there was no evidence that would reasonably warrant the jury in finding in favor of the party for whose benefit such charge was given. Railway v. Gilmore, 62 Texas, 391; Railway v. Kuehn, 70 Texas, 582; Dillingham v. Brown, 17 S. W. Rep., 45; Railway v. Faber, 63 Texas, 344; Box v. Word, 65 Texas, 160.

*W. R. Parker*, for appellee.—The evidence fairly raised the issue as to the negligence of the defendant in failing to have its premises inclosed or guarded, and it was a question for the jury, and not for the court, to decide as to whether that was negligence under the facts of this case. Evansich v. Railway, 57 Texas, 123, 126; Railway v. Moore, 59 Texas, 64; Railway v. O'Donnell, 58 Texas, 42.

Tarlton, Chief Justice.—The appellee recovered a verdict and judgment in the sum of $500, as damages for injury done to his minor son by the appellant; and hence this appeal.

In April, 1890, the appellee, with his family, lived at Paul's Valley, in the Indian Territory, on the main street of the town, about 100 feet from the defendant's railroad track, with which the street is parallel, running between the residence of the plaintiff and the stockpens of the defendant.

On the occasion in question, a train of the defendant's cars was on the sidetrack, and was being loaded from the stockpens with cattle for shipment. A number of persons, including the plaintiff's son, a boy between 7 and 8 years of age, were at the scene of the loading.

The stockpens used for penning and loading the cattle were connected with the cars by means of chutes leading up to the sidetrack on which the car is placed with the door opposite the chute, that the cattle to be shipped may be driven therein. "The chute is a lane four or five feet wide, constituted of two fences four or five feet apart from pen to platform, six or seven feet wide next the car from the end of the fence to the car. It is constituted by two gates about four feet

apart, which swing on hinges to posts upright at the end of the fences. The gates were made to swing around on the platform from the end of the chute to the car door; they were closed against it on each side of it, forming a lane or chute.   The gate and fences on each side of the chute were about four or five feet high, and made of five or six-inch lumber, with four or five inches space between the boards.   The platform or wharf between the chute and car is about on a level with the bottom of the car door.''   A gang plank is laid from the chute to the car door, over which the cattle are made to walk up into the car. After one car is loaded, the gang plank is pulled back in such a way as to permit the succeeding car to be drawn a sufficient distance to be opposite the chute, that the cattle may be made to enter it.

On the occasion in question the minor son of the plaintiff had by some means gotten into the chute, and was standing with his foot partly on the gang plank or close to it.   The plank was not pulled back far enough to clear the moving car, which accordingly struck it, pushing it along, so that the foot of the boy, who was standing on the north side of the plank, was caught by it, pushed along by the moving car, and injured.

Among other instructions, the court charged the jury as follows: ''If you believe from the evidence in this case that the injury to the plaintiff's son testified about was due to and was caused by negligence of defendant in not having its premises inclosed or guarded, if you believe it was negligence to not have the same inclosed or guarded,  *  *  * it will be your duty to find for the plaintiff.''

Under an appropriate assignment of error, the question arises whether it was the duty of the defendant, under pain of being deemed guilty of negligence, to fence its stockpens or to place guards about them, in order to prevent persons from going about them.

The word stockpens itself indicates fencing and inclosure, and as this inclosure is used for the purpose of holding cattle of all ages and sizes, wild and gentle, and as there is nothing in the record to indicate that the stockpens in question were insufficient to answer the purpose for which they were being used, we infer that in themselves they constituted a ''stout structure'' surrounding the defendant's premises.

Can it be that, in the exercise of ordinary prudence, a railway company would be required to build a second fence around the inclosure already constructed, or in the alternative, that it should have about that inclosure servants whose duty it should be to guard it from intrusion on the part of lookers-on?   We think not; and we are of opinion, as we discover nothing in the facts of this case that should constitute an exception to the rule, that the court erred in permitting the jury to exact an exercise of this unreasonable diligence from the company.

The cases on which appellee relies to sustain the instruction complained of have reference to dangerous machinery, such as turntables,

which a railway company is required to so secure as to prevent injury to children trespassing upon them.   As contended by appellant, we do not think the same rule obtains with reference to the building and maintaining of stockpens as with reference to machinery of the character named, which, as is suggested, can be easily secured "by locking the turntable by a chain and padlock, so that the children would be unable to move it."

We think that the test of diligence thus submitted by the court was too great and exacting, and for this reason we are constrained to order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*