Missouri, Kansas & Texas Railway Company of Texas v. Mollie Edwards.

Decided June 25, 1896.

1. **Negligence—Dangerous Premises.**

The owner of premises used for storing lumber and bridge material is under no obligation to so pile or secure such lumber and materials as to keep them in safe or proper condition for children, trespassing thereon without his knowledge or consent, to play upon. (P. 69.)

2. **Same—Injury to Trespassers—Excluding Children.**

The owner of premises so used is under no obligation to keep watch over them in order to exclude therefrom trespassing children and prevent their injury while playing there. (P. 69.)

3. **Same—The "Turn Table" Cases Distinguished.**

Ordinarily the owner of property is not bound to keep it in such condition as to protect trespassers upon it from danger. Excavations near highway, exposing dangerous machinery on or near a public place, especially where children are injured thereby, or placing on one's own premises dangerous machinery alluring to children, without securing it so as to protect them from danger,—are exceptional instances. The "turn-table cases" proceed on the principle that such machinery is peculiarly attractive or obviously dangerous to children, and its use by them known to the servants of defendant; and they go to the limit of the law. The mere fact that premises are attractive to children is not sufficient to bring the case within this exceptional doctrine, and a yard kept by a railroad company for storing old ties and bridge material is not a place of such peculiar danger or attractiveness, as to require the owner to see that the ties are so placed that children may not injure themselves while playing on them. (Pp. 69 to 71.)

4. **Same—Fact Case.**

Plaintiff, a child eight years of age, was injured while playing in a yard of defendant company used for piling bridge and building materals, by attempting to climb upon a pile of old bridge ties, some of which in so doing she pulled down upon her foot. She had just before been sent out of the yard by the watchman

with other children, but returned as soon as the watchman went elsewhere. She and other children had occasionally gone into the yard to play before, but had been ordered out by the defendant's employes when found there. These facts showed no liability and the court should have given charges requested, which in effect directed a verdict for defendant. (Pp. 68 to 72.)

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

Mollie Edwards, a minor, by next friend, sued the railway company for personal injuries and had judgment for $1000, which on appeal was affirmed by the Court of Civil Appeals, and thereupon appellant obtained this writ of error:

*Foster & Wilkinson*, for plaintiff in error.—The court erred in refusing to give in charge to the jury the first instruction requested by defendant. Railway v. Cunningham, 26 S. W. Rep., 474; Railway v. Crum, 25 S. W Rep., 1126; Gal. Oil Co. v. Morton, 70 Texas, 404; Williams v. Railway, 60 Texas, 205; Railway v. Moore, 59 Texas, 68; Bishop, Non-Contract Law, sec. 845; Wharton, Negligence, secs. 344, 824, 824a, 345 to 361; 2 Wood, Railway Law, 1296; Cooley on Torts, (2d ed.), 358, and note 3, 718 to 722 and note, 792 and note 3; 16 Am. & Eng. Encycl. Law, 412; Hargreaves v. Deacon, 25 Mich., 1; Gillespie v. McGowan, 100 Pa. St., 144-145; 45 Am. Rep., 365; Vanderbeck v. Hendry, 34 N. J. L., 467; Zoebisch v. Tarbell, 10 Allen, 385; 87 Am. Dec., 660 and note; McAlpin v. Powell, 70 N. Y., 126; 26 Am. Rep., 555; Rogers v. Lees, 140 Pa. St., 475; 23 Am. St. Rep., 250; Lary v. Railway, 78 Ind., 323; 41 Am. Rep., 572; 3 Am. and Eng. R. R. Cases, 398; Wood v. Ind. School Dist., 44 Ia., 27; Railway v. Henigh, 23 Kan., 347; 33 Am. Rep., 167; Catlett v. Railway, 54 Am. and Eng. R. R. Cases, 113; Rushenburg v. Railway, 54 Am. and Eng. R. R. Cases, 118; Gramlich v. Wurst, 86 Pa. St., 74; 27 Am. Rep., 684; Williams v. Railway, 37 Am. and Eng. R. R. Cases, 329; Railway v. Griffin, 100 Ind., 221; 50 Am. Rep., 783; Pierce v. Whitcomb, 48 Vt., 127; 21 Am. Rep., 120; Mangan v. Allerton, L. R., 1 Exch., 239; Hughes v. McFie, 2 H. & C., 744; 33 L. J. (Exch.), 177; Kohn v. Lovett, 44 Ga., 251; Gautrell v. Egerton, L. R. 2 C. P., 371; Stone v. Jackson, 16 C. B., 199; Hansell v. Smyth, 7 C. B. N. S., 731; Schmidt v. Distilling Co., 90 Mo., 284; 59 Am. Rep., 16; Cauley v. Railway, 95 Pa. St., 398; 40 Am. Rep., 664 and note; Cook v. Nav. Co., 76 Texas, 353; Railway & Nav. Co. v. Egley, 2 Wash., 409; 26 Am. St. R., 860; Railway v. Smith, 46 Mich., 504; Barney v. Railway, (Mo.) 28 S. W. Rep., 1069.

The court erred in refusing to give in charge to the jury the second instruction requested by defendant. Same authorities.

The owner of private premises is under no obligation to exercise care to keep them in such condition that trespassing children would not injure themselves playing thereon, nor can such duty be created by persistent trespasses by the children, where the owner used due care to exclude them from the premises, and had just before sent them away therefrom,

and had no knowledge that they were trespassing at the time of the injury; and the third instruction given by the court, asserting a different rule, was erroneous. Same authorities.

Repeated trespasses upon the premises of an owner of property without any acquiescence or consent by such owner and against his warnings and directions and against the commands of parents, cannot create a duty on the part of the owner of such premises towards trespassing children to keep such premises in a condition other than his own convenience and interest demanded; and the third paragraph or charge of the court's instructions as erroneous, because asserting a contrary doctrine. Same authorities.

Actionable negligence on the part of owner of premises with respect to the safety thereof must consist in the omission or imperfect performance of some definite duty owing to the injured party under the circumstances. And where the owner has used care to exclude children therefrom, and has never held out any inducement or invitation to them to make a play ground of the premises, and has just before the injury sent out from the premises the injured child, who has returned thereon without such owner's knowledge and in playing upon a pile of lumber so piled as not to threaten any injury to persons not interfering with it, has pulled down upon itself a piece of lumber and thereby caused the injury for which recovery is sought, it is erroneous and misleading to instruct the jury that if the lumber was so piled as to be dangerous to children playing on the same, and that fact was or should have been known to the owner, and children, to such owner's knowledge, were accustomed to play on or about the same, and the owner so knowing failed to exercise ordinary care to prevent such children from being injured by the fall of such lumber, such owner would be guilty of negligence entitling the injured party to recover, because such instruction ignores the effect upon the respective rights of the parties of efforts made to exclude children from the premises, and of the sending out of the injured child just before the injury, and permits an obligation and duty on the part of defendant with respect to the conduct of its business and condition of its premises to be created by repeated trespasses, irrespective of what efforts were made to exclude trespassers; and such instruction, by submitting the failure to exercise ordinary care to prevent such children from being injured as an act of negligence, without instruction as to the duties in respect to which such care was required, permitted the jury to indulge an unrestrained discretion as to what acts of affirmative care for the protection of children might be required of an owner of property. Same authorities.

*E. J. Smith* and *Wolfe & Hare*, for defendant in error.—Appellant's first and second requested instructions were properly refused as being on the weight of the testimony. Railway v. Robinson, 79 Texas, 608; Denham v. Lumber Co., 73 Texas, 83; Campell v. Trimbell, 75 Texas, 270; Railway v. Robinson, 73 Texas, 277; Railway v. Dyer, 76 Texas, 156.

One who erects or maintains on his own premises, things which are so situated as to allure and attract children of tender years to play with the same, and which things so erected or maintained are in their nature . dangerous to children, is bound to use ordinary care to protect them from the danger to which they are thereby led, and from which they could not be expected to protect themselves, and the question of what will constitute ordinary care is one of fact to be determined by the jury. Railway v. Moore, 59 Texas, 64; Railway v. O'Donnell, 58 Texas, 27; Cook v. Nav. Co., 76 Texas, 353; Evansich v. Railway, 57 Texas, 126; Railway v. Hill, 83 Texas, 675; Avery v. Railway, 81 Texas, 243; Telegraph Co. v. Hoffman, 88 Texas, 420; Railway v. McWhorter, 77 Texas, 356; Bransom's Adm'r. v. Labrot, 81 Ky., 638, 50 Am. Rep., 193; Penso v. McCormick, 125 Ind., 116, 9 Law Rep. Ann., 313; Schmidt v. Distilling Co., 90 Mo., 284; Hydraulic Works Co. .v. Orr, 83 Pa., 332; O'Malley v. Railway, (Minn.) 45 N. W. Rep., 440; 45 Am. and Eng. R. R. C., 62; Harriman v. Railway, 45 Ohio, St. 11; Keefe v. Railway, 21 Minn., 207; 18 Am. Rep., 393; Indianapolis v. Immellman, 108 Ind., 530; Power v. Harlow, 53 Mich., 507; 19 N. W. Rep., 257; 51 Am. Rep., 154; Whirley v. Whiteman, (Tenn.) 1, Head, 610; Birge v. Gardiner, 19 Conn., 507; 50 Am. Dec., 261; Westbrook v. Railway, 14 Am. St. Rep., 595; James v. Nichols, 46 Ark., 207; 55 Am. Rep., 575.

The owner of private premises, who knows that children of tender years are in the habit of playing upon such premises, is bound to use ordinary care to prevent such children from being injured by any agency maintained by him thereon, and which he knows is liable to attract said children, and cause them injury. The owner of premises who maintains anything thereon which is dangerous to young children, and who knows that such children are in the habit of trespassing on such premises, is bound to use ordinary care to see that they are not injured by such dangerous agency so maintained by him. Same authorities.

GAINES, CHIEF JUSTICE.—Mollie Edwards, a minor suing by her next friend, brought this action against the Missouri, Kansas and Texas Railway Company of Texas to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company. The negligence was alleged to consist in keeping a yard in which children were accustomed to play, and in piling a number of railroad bridge ties in such manner that they fell upon the plaintiff while playing upon them and injured her.

The facts disclosed by the testimony are as follows: The defendant company owned a lumber yard, which was used for the purpose of storing bridge material and other like lumber. It was fenced, except upon one side along the company's railroad tracks. The plaintiff at the time of the accident was about eight years old, and lived with her mother just across an alley from the yard. Not being fenced along the track, the yard was easily accessible. It was shown that the plaintiff and other

children were accustomed to resort there for the purpose of playing, but it was also shown that they were uniformly ordered out by the servants of the company. The parents of some of them were also warned to keep them away. It appeared however that, notwithstanding the persistent efforts of the servants of the company, the children would return. Just before the accident happened the plaintiff was sent home by the watchman and went out; but as soon as he was called away by other duties she returned. In attempting to climb upon the pile of bridge-ties one of them fell down and crushed her toes. There was evidence tending to show that the ties were insecurely stacked. The mother of the plaintiff testified, in effect, that she knew of the plaintiff's having visited the yard on former occasions and had punished her several times for it.

There was a verdict and judgment for the plaintiff in the trial court, which judgment was affirmed in the Court of Civil Appeals. The case comes to this court upon a petition for a writ of error, which has been granted.

The errors assigned in the Court of Civil Appeals and which are insisted upon in this court are upon the charge of the court and upon the refusal to give certain special instructions requested in behalf of the defendant. But in the view we take of the case, no critical examination of the charges is necessary. Two of the requested instructions were, in our opinion, statements of the law of the case as applied to the facts in evidence, and should have been given. They were as follows:

(1). "Defendant was under no obligation to keep watch over its premises, in order to exclude children therefrom. If the watchman of defendant discovered plaintiff, with others, playing in the yard, shortly before the accident, and requested them to leave, and plaintiff thereupon withdrew from the premises, but thereafter returned without the knowledge of defendant's watchman or person in charge of its property, for the purpose of playing in the yard, and while so doing was injured, without such watchman having knowledge of her being then present, and while playing there pulled down upon herself or caused to fall a tie or portion of a pile of ties, upon which she was climbing, defendant would not be liable to plaintiff by reason of any injury so received."

(2). "Defendant was under no obligation to plaintiff to keep its lumber yard in safe or proper condition for plaintiff to play thereon. The yards were its property and it was entitled, as to plaintiff, to use them for piling lumber and to pile the same in such form as it found convenient, with due regard to the safety of such persons only as might properly use the yards. It was under no obligations to so pile or place its bridge ties as to prevent injury by a child climbing upon them, or to so pile, fasten or brace the same that the child could not, in trying to climb thereon, pull one or more of them down upon herself, nor can it be held negligent for failing to so pile, brace or secure them, if the injured person was at the time thereon without its knowledge or invitation."

Ordinarily the owner of property is not bound to keep it in such con-

dition as to protect trespassers upon it from danger. Liability may be incurred by making an excavation upon ones own land sufficiently near a street or highway that another may in the exercise of reasonable care fall into it, or by exposing dangerous machinery or appliances in or near some public place, whereby one without fault on his part may be injured. Especially in the latter case may liability be incurred when children are the victims. Until they have learned some discretion, they cannot be held guilty of contributory negligence. Lynch v. Nurdin, 1 Q. B., 29, is a case of this class. There the "defendant negligently left a cart unattended; the plaintiff, a child of seven, got upon the cart in play; another child incautiously led the horse on, and the plaintiff was thereby thrown down and hurt. It was held the plaintiff could recover." There are numerous American decisions which proceed upon the same principle. With reference to children there is still another class of cases which go a step further, and hold that the owner of land may not place upon it dangerous machinery, which is alluring to children, without securing it, so as to protect them against injury while tampering with it. To this class belong what have become commonly known in legal parlance as "the turn-table cases," such as Evansich v. Railway Company, in this court (57 Texas, 123), and Railway Company v. Stout, in the Supreme Court of the United States (17 Wall., 657). This line of decision has not been uniformly followed, and has met with much adverse criticism, and it seems to us, that with respect to the care which the owner of the land is required to exercise, in order to secure from injury children who may trespass upon it, they go to the limit of the law.

They proceed upon the ground that turn-tables are attractive to children. In both of the cases cited stress was laid upon this fact, and also upon the fact that the use of the turn-tables by children was known to the servants of the defendants. The ruling in these cases must be justified, we think, upon one of two grounds; either that the turn-tables possess such peculiar attractiveness as playthings for children that to leave them exposed should be deemed equivalent to an invitation to use them, or that, when unsecured, they are so obviously dangerous to children that, when it is discovered that they are using them, it is negligence on the part of the owner not to take some steps to guard them against the danger.

But when it is said that it is enough that the object or place is attractive or alluring to children, and when it is said, as has been intimated, that the fact that they resort to a particular locality is evidence of its attractiveness, the question suggests itself, what object or place is not attractive to very young persons who are left free to pursue their innate propensity to wander in quest of amusement? What object at all unusual is exempt from infantile curiosity? What place, conveniently accessible for their congregation, is free from the restless feet of adventurous truants? Here the language of an eminent judge in disposing of a similar case is appropriate: "There are streams and pools of water where children may be drowned; there are inequalities of surface where

they may be injured. To compel the owners of such property either to inclose it, or fill up their ponds and level the surface so that trespassers may not be injured, would be an oppressive rule. The law does not require us to enforce and such principle, even where the trespassers are children. We all know that boys of eight years of age indulge in athletic sports. They fish, shoot, swim, and climb trees. All of these amusements are attended with danger, and accidents frequently occur. It is part of a boy's nature to trespass, especially where there is tempting fruit, yet I never heard that it was the duty of the owner of a fruit tree to cut it down because a boy trespasser may possibly fall from its branches. Yet the principle contended for by the plaintiff would bring us to this absurdity, if carried to its logical conclusion. Moreover, it would charge the duty of the protection of children upon every member of the community except their parents." (Paxson, J., in Gillespie v. McGowan, 100 Pa. St., 100.)

We do not see that a yard kept by a railroad company for the deposit of old ties and other rejected material, or new material for railroad repair and construction, possesses any greater attraction for children than any other place of deposit of any similar material kept by people pursuing other avocations. Is a pile of ties any more alluring than a pile of wood kept for fuel or a pile of rails laid aside for making or repairing a farm fence? Children may injure themselves in playing upon either. In such a case we conclude that the law does not devolve the duty upon the owner of the yard to see that the ties are so placed that children may not injure themselves while playing upon them. It has been so held in effect in many cases. See Vanderbeck v. Hendry, 34 N. J. L., 457; McAlpin v. Powell (N. Y. Ct. of App.), 55 How. Pr., 163; Railway v. Cunningham (Texas Civ. App.), 26 S. W. Rep., 474; Railway v. Crum (Texas Civ. App.), 25 S. W. Rep., 1126. We refer especially to the able and elaborate opinion of Mr. Justice Sherwood in Barney v. Railway (Mo.), 28 S. W. Rep., 1069, which contains a thorough discussion of the cases bearing on the question.

Applying the principles announced to the facts of this case, we are of opinion that the plaintiff was not entitled to recover. There was no peculiar allurement about the yard of the defendant company. Though the ties may have been inartistically piled, we do not see that any danger should have been anticipated from the manner in which they were stored. A witness swore that children seemed fond of playing about the lumber. If any one ever tampered with the ties before, it does not appear from the testimony. The defendant could not, consistently with the use of its yard, fence it along its track. Children were persistently ordered out of the yard, and there is no ground for claiming an implied or constructive invitation to come upon the yard.

In any possible aspect of the case the charge which was given by the court was erroneous in authorizing the jury to find for the plaintiff, without reference to the question whether the servants of the company had

exercised ordinary care to keep children out of its yard. If, in the opinion of the jury, such care had been exercised, then the verdict should have been for the defendant. But the court should have gone further and given the requested instructions which have been quoted above, and this is equivalent to saying, that it should have directed a verdict for the defendant.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*