## JOHNSON v. ATLAS SUPPLY CO.
### (No. 8295.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 8, 1916. Rehearing Denied Feb. 19, 1916.)

**1. PLEADING ⊛⇒214—DEMURRER—EFFECT.**
In considering a petition against which demurrer is urged, the court must, as required by rule 17 for the district and county courts (142 S. W. xviii), accept the allegations of the petition as true.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⊛⇒214.]

**2. NEGLIGENCE ⊛⇒32—INJURIES TO PERSONS — TRESPASSERS — INVITEES — LIABILITY OF OWNER.**
While an owner of property is not bound to guard against injury to a mere trespasser, he must exercise ordinary care to guard against injury to persons on his premises by invitation.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. ⊛⇒32.]

**3. NEGLIGENCE ⊛⇒32—INJURIES TO PERSONS —INVITEES—LIABILITY.**
The owner of property is under the same liability for failure to guard against injuries reasonably to be contemplated to implied invitees as to express invitees.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. ⊛⇒32.]

**4. NEGLIGENCE ⊛⇒39—ATTRACTIONS TO CHILDREN—"IMPLIED INVITATION."**
An "implied invitation" to plaintiff, a boy 8 years old, to come upon the premises cannot be drawn from the fact that the owner maintains thereon things ordinarily in existence and use, such as rivers, creeks, ponds, wagons, axes, plows, woodpiles, haystacks, and the like, or even an attractive maiden or daughter of about the same age as plaintiff.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 55; Dec. Dig. ⊛⇒39.
For other definitions, see Words and Phrases, First and Second Series, Implied Invitation.]

**5. NEGLIGENCE ⊛⇒111—INJURIES TO PERSONS —IMPLIED INVITATION—THINGS ATTRACTIVE TO CHILDREN.**
A petition seeking recovery for injuries to a minor alleged that the defendant kept upon its premises oil well supplies, casings, iron wheels, which could be turned and rolled about the premises, and steam and gas engines and pumps, containing wheels and levers, which could be and frequently were turned and worked by the plaintiff, and a large number of great pulley wheels standing in a row in an upright position, of extremely heavy weight, and that there was about the premises of defendant a girl of about the age of plaintiff, with whom he was accustomed to play. *Held,* that the allegations were sufficient to present the question of an implied invitation, and the petition was not subject to demurrer.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 182–184; Dec. Dig. ⊛⇒111.]

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by Homer Johnson, by his father and next friend, S. Johnson, against the Atlas Supply Company, a corporation. From a judgment dismissing the action on plaintiff's refusal to amend after sustaining a demurrer to the petition, plaintiff appeals. Reversed and remanded.

E. W. Napier, of Wichita Falls, for appellant. John C. Kay, of Wichita Falls, for appellee.

CONNER, C. J. Appellant, Homer Johnson, a minor about 8 years old, by his father and next friend, S. Johnson, instituted this suit against the Atlas Supply Company, a corporation, to recover damages for personal injuries. The court sustained a general demurrer to the plaintiff's petition, and, the plaintiff having declined to amend, the suit was dismissed, and from the judgment of dismissal this appeal has been prosecuted.

Omitting formal allegations and first stating in a general way, it was alleged in the petition that the defendant corporation was engaged in the oil well supply business in Electra, Tex., and there maintained a large warehouse; that for several months prior to the date of the plaintiff's injury he had re-

sided, together with his father, about one block from the warehouse; that the defendant corporation kept on and about the platform of the warehouse great quantities of well supplies, etc. It was specifically alleged:

"That during the times aforesaid the defendant company kept on and about the platform of said warehouse great quantities of oil well supplies, consisting of oil well casing, iron wheels of various kinds and sizes, which could be turned and rolled about the premises by children of the age and size of plaintiff, and also steam and gas engines and pumps, and many other kinds of machinery, and one small engine, which stood inside said warehouse, containing many wheels and levers that could be and frequently were turned and worked by the plaintiff. That among other things on said premises were a large number of great pulley wheels standing in a row, one against another, in an upright position, before the passageway and in close proximity to the main entrance of said warehouse, being in such position that persons walking in and out of said warehouse were compelled to pass within a few inches of said wheels. That said wheels were made of solid iron, weighing approximately 415 pounds each, and being about 36 inches in diameter, and about 4 inches across at the outer edge. That said wheels were not braced or supported in any manner, and were in such condition that the slightest jar or movement would cause them to fall out across said passageway.

"That for at least six months prior to said 26th day of December, the defendant and its employés kept upon said premises a little girl, who resided in the immediate neighborhood thereof, by the name of Virginia Cole. That said Virginia Cole was upon said premises the greater portion of every day during said time, and was on this date, by the invitation and design of said defendant and its said employés. That said Virginia Cole, who was of the same age of the plaintiff, was a sweet-tempered, companionable little girl, and was very kind and friendly toward the said Homer Johnson. That they had played upon said premises together many times prior to said date, and had become very good little friends and playmates, as to all of which the defendant was fully apprised. That defendant encouraged the plaintiff's visits as herein alleged by their kind treatment, and did, on all of said occasions, invite the plaintiff there to play.

"That by reason of the location and surroundings of said premises, and by reason of the fact that the defendant kept thereon the tools, machinery, and appliances aforesaid, and by reason of the presence of the said Virginia Cole as above set forth, and by reason of such invitations, said premises were unusually attractive to the said Homer Johnson and other children of his age who resided in the neighborhood thereof as a place to play, and were well calculated to attract and did attract such children and the said Homer Johnson on all of the times above mentioned, all of which was well known to the defendant. That said premises, by reason of the loose and careless manner in which said machinery and supplies were kept, and especially by reason of the loose and careless manner in which said pulley wheels were piled, were extremely dangerous and unsafe for children of the age of plaintiff to be about, and of this the defendant was at said time and long prior thereto fully informed.

"That on said 26th day of December the said Homer Johnson, by reason of the attractiveness and said invitations by reason of the friendly relations that existed between him and the said Virginia Cole as aforesaid, went to said warehouse, as was his custom, for the purpose of amusing himself by playing with the said Virginia Cole upon and with said machinery and appliances. That upon his arrival there he and the said Virginia Cole began playing upon said premises, climbing about said machinery and rolling and turning said wheels. That they had been so playing about one hour, when the said Virginia Cole secreted herself behind said row of pulley wheels. That the said Homer Johnson started past said wheels, and just as he was opposite or in front of the same, she sprang out from her hiding place, and, in so doing, brushed against the foremost of said wheels, thereby causing the same to fall on the said Homer Johnson, causing the injury hereinafter complained of.

"That by reason of his tender age and inexperience the plaintiff, Homer Johnson, was wholly ignorant of the dangerous condition of said premises, and of the loose and careless manner in which said wheels were piled, and he did not know, nor did he have any reason to suspect, that said wheels would or were likely to fall; and he did not think or know, nor had he any reason to believe, nor did he have sufficient discretion, capacity, or intelligence to appreciate or understand, that he was exposing himself to any danger of any character in playing upon said premises or being about said wheels. That the defendant well knew that the said Homer Johnson and the said Virginia Cole, and many other little children of their age, were in the habit of playing on said premises as aforesaid; and the defendant and its employés knew well at that time that they were so playing, and knew the great danger to which they were exposed; but they took no precautions whatever to avert said danger, and gave no warning or notice to said plaintiff that he was in any danger.

"That said wheel, being almost as tall as plaintiff and of enormous weight, fell on top of the said Homer Johnson and pinned him to the platform, where he remained unable to move until the employés of the defendant company came out and removed the wheel. Said wheel, in falling upon his body, bruised and crushed his body and limbs, causing him great physical pain and suffering. The hub of said wheel, the same being made of iron, fell on the right leg of the plaintiff below the knee, crushing and lacerating the same and tearing the flesh entirely away from the bone, leaving an ugly and dangerous wound. Said wheel, in so falling upon the plaintiff as aforesaid, so crushed and bruised and lacerated the muscles, leaders, and nerves of said limb as to leave it in a state of partial paralysis. That he has continuously suffered great pain from said wound since said time, and will continue to suffer therefrom throughout his lifetime."

Other allegations need not be set out, as they relate only to the quantum of damages claimed, which was in amount within the jurisdiction of the court.

[1, 2] We think the court erred in its ruling on the general demurrer. In considering the petition against which the demurrer is urged, its allegations must be accepted as true. See rule 17 for the district and county courts (142 S. W. xviii); Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Whaley v. Thomason, 41 Tex. Civ. App. 405, 93 S. W. 212. So treating the petition, it undoubtedly exhibits an invitation to the plaintiff to premises upon which were negligently stored and kept dangerous machinery and substances by reason of which the child was injured. While an owner of property is not bound to so keep or handle his property as to guard against injury to a mere trespasser, it is yet true that he must exercise ordinary care in this respect to guard against injury

to a person on his premises by invitation, express or implied. The law will not imply anticipation by the owner of an appearance or presence of a trespasser upon his premises, and hence he owes no duty to care for his protection, and where no duty exists negligence cannot arise. But it is otherwise as to a licensee. It is also otherwise as to one whose presence through invitation is to be expected. As to him or her, thus upon premises of another, the law imposes the duty of ordinary care on the part of the owner to so use his premises and property as to avoid injury that may be reasonably contemplated.

[3] It is perhaps to be implied from the petition that the invitation to the child in the present case was express. But appellant admits in his brief that it cannot be so proven, and seeks to uphold the sufficiency of the petition on the theory that the machinery and other things were of such peculiar attractiveness to a child of the plaintiff's age as to amount to an invitation on appellee's part within the meaning of the turntable cases. In cases where the invitation is express, there seems no difficulty. An application of the principle follows proof of an expressed invitation; so, too, will the court apply the rule of care stated on proof of an implied invitation, for in this respect there can be no difference in principle between express and implied invitations. In both cases alike the rule of care stated is to be applied on proof that an invitation was in fact extended.

[4] As indicated, however, by our Supreme Court in S. A. & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S. W. 28, the difficulty in cases where an implied invitation is relied upon is to determine just what state of facts is legally sufficient to establish the alleged implied invitation. Such conclusion is not to be drawn from the fact that the person against whom complaint is made maintains upon his premises things ordinarily in existence and use, such as rivers, creeks, ponds, wagons, axes, plows, woodpiles, haystacks' and the like, or even, as we should perhaps add, an attractive maiden or daughter. To admit that an invitation may be implied from attractions such as these would be, as said in the case already cited, "contrary to reason, lead to vexatious and oppressive litigation, and impose upon owners such a burden of vigilance and care as to materially impair the value of property and seriously cripple the business interests of the country." Railway v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825; Dobbins v. Railway, 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; Peters v. Bowman, 115 Cal. 345, 47 Pac. 113, 598, 56 Am. St. Rep. 106; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. See, also, M., K. & T. Ry. v. Moore, 172 S. W. 568; M., K. & T. Ry. v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825. But in the same case it was further said:

183 S.W.—3

"Where, however, the owner maintains upon his premises something which on account of its nature and surroundings is especially and unusually calculated to attract and does attract another, the court or jury may infer that he so intended and hence invited him. Where one exhibits on his own land, near where children are likely to be, pictures or unusually attractive machinery, etc., he can expect no other result than that it will appeal to the known instincts of a child of immature judgment and cause him to venture thereon, just as the dog was drawn into the baited trap by the scent of meat."

It is upon the principle so stated that the turntable cases rest. See Evansich v. G., C. & S. F. Ry., 57 Tex. 123; Ry. v. Simpson, 60 Tex. 106; Railway v. Stout (by the Supreme Court of the United States) 17 Wall. 657, 21 L. Ed. 745. These cases proceed upon the theory that turntables are of peculiar attractiveness to children, and must be so known to be by those who maintain them, and hence that places where it may be reasonably expected that children of immature age, by habit of play or otherwise, will be brought within the zone of its attractions, the turntable should be so secured or guarded as to prevent injury to a child; or rather ordinary care in this respect must be exercised by the owner if he would avoid liability. The principle of the turntable cases has been applied to other cases of similar character. Thus, in Hogan v. Railway Co., 148 S. W. 1166, it was held by the Court of Civil Appeals for the First District that the issue of an implied invitation was raised by evidence tending to show that a machine, "something like a coffee mill," as one or more of the witnesses described it, operated by a crank, cogs, and wheels, had been placed and left by the defendant company in an unguarded place upon a pile of lumber or railroad ties some three or four feet high, and that children, including the one injured, had been in the habit for some time of playing with and about the machine.

[5] The case now before us, as alleged, seems equally as well brought as the case last cited. The machinery described in the petition under consideration seems of a character as well calculated to attract a playing child as a turntable, or as the machine described as a "coffee mill." The allegations relating to an attractive little girl can certainly not be said to lessen the force of other allegations. Indeed, this added attraction, known to exist, as is alleged, while within itself doubtless insufficient to afford a basis of recovery, yet may be said to emphasize the duty of the company to exercise the proper degree of care to guard the children from injury that might reasonably have been anticipated. So that, on the whole, as it seems to us, the questions presented in the petition were for the jury to determine as questions of fact.

We conclude that the judgment must be reversed, and the cause remanded.