## CHARLES v. EL PASO ELECTRIC RY. CO. et al. (No. 1247.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1921. Rehearing Denied Nov. 23, 1921.)

1. **Appeal and error** ⬤⟿927(7)—**Evidence viewed most favorably for party against whom peremptory instruction is given.**

A peremptory instruction against plaintiff having been given, the evidence must be viewed in its aspect most favorable to him.

2. **Negligence** ⬤⟿39—**Injury to child playing on pile of cross-ties held not actionable.**

Where a seven year old child injured while at play on cross-ties, piled partly on a public sidewalk, did not climb onto the cross-ties from the sidewalk, but from the adjoining vacant lot,

held, that no legal duty rested on defendant street railway company to pile its ties so as to make them a safe place to play on, and it was not liable for the injury.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Ira O. Charles, Jr., against the El Paso Electric Company and others. Judgment for defendants entered on directed verdict, and plaintiff appeals. Affirmed.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

J. M. Goggin, of El Paso, for appellees.

HARPER, C. J. Ira O. Charles, Jr., a minor seven years old, suing by next friend, brought this action against several corporations which afterwards were taken over by Stone & Webster, Incorporated, to recover damages for personal injuries alleged to have been caused by the negligence of defendant company.

The negligence charged is that defendant corporations stacked a pile of cross-ties in the public street in the city of El Paso, without authority of law, and in a dangerous and negligent manner so that ties upon top of the pile would easily topple and fall upon application of slight force by a child; that they were attractive to children; were a nuisance in the public street; that plaintiff was young and did not appreciate the danger; that while playing upon the pile of ties one of them fell upon him and crushed his leg.

The court instructed a verdict for the defendants. Plaintiff has appealed.

The facts disclosed by the testimony are as follows:

The appellees were ordered by the city council to place its street car track upon grade preparatory to paving the street, for which a contract had been let. They were so engaged at the time of the accident in the block where it happened, by putting in new ties. The side of the street and sidewalk where the work was being done and the accident happened was blocked with horses, wooden barricades at each end of the work. Upon the day of the accident or one or two days before that defendant stacked cross-ties into a pile five or six feet high, which was partly on private property, but extended three or four feet over that portion of the public street termed the sidewalk, no artifical sidewalk having been constructed, but was used by the public as such.

Witness for defendant testified that the ties were properly piled, ten each way, to a height of five or six feet, and two ties placed across the upper layer near the middle as a brace; that they could not have fallen off unless their position had been changed; that none of them were just hanging over the edge. A witness for plaintiff testified that the tie which fell upon the plaintiff was up-

on the side of the stack so as to be in the street, was partly resting upon another tie lying lengthwise upon it and overhanging about half its width, and so that it would topple and fall upon slight force being applied to it.

The plaintiff, a boy seven years and two months old, was playing with another boy on top of this pile of ties. Having climbed up on the south side, played, and ran around on top and then started to get down on the north side of the stack, in descending he passed over this tie, placed his hand over it, and then he jumped, thus pulled the tie down, and it fell upon his leg and broke it.

The appellant charges that the court erred in instructing a verdict for the defendants because, he says, the facts show actionable negligence upon their part, and that a child of this age under the facts could not be guilty of contributory negligence as a matter of law, that defendants were bound to take notice of the rights of children in the streets, of the probability of their being and playing therein, and of the liability of children to follow childish instincts and to climb upon and play upon a lot of ties stacked therein, and that these facts gave rise to the duty not to stack them in such a way as that when the child was playing on them one would fall upon slight force and injure it.

In the first place, this case has been plead and tried upon the theory that the stack of ties constituted a place or thing attractive to children as a place to play, under the principle of law applied in the Turntable Cases. These cases turn upon the fact that they, being private property of the defendants, were especially and unusually attractive to children, and in this fact the court or jury may find an invitation to children to use it as a plaything. When the facts justify such finding, then the law charges the defendant with the duty to so construct and maintain such things in such way as that they will not be dangerous.

There is no evidence in this record that this pile of ties was attractive to children, unless the mere fact that children played upon it be evidence of the fact; so we have no proof of an invitation by estoppel or otherwise. But appellant says these ties were upon the public street or sidewalk, where he had the right to be. We do not concede this, but, on the other hand, think the facts show that the public character of the sidewalk had been temporarily abandoned by the city giving defendants authority to close it for the purpose of the public work, and it had in fact been done.

But we are further of the opinion that, if we should be mistaken in putting this construction upon the facts in evidence, no issue of negligence could arise upon the allegations and evidence here because of the proximity of the pile of ties to the sidewalk, or that a portion thereof was in fact upon the side-walk, for plaintiff was not injured by reason of any use of the sidewalk but while going upon and using for purposes of amusement the property of defendants. Simonton v. Elec. P. Co. et al., 28 Tex. Civ. App. 374, 67 S. W. 530; Texas Mex. Ry. Co. v. Garcia, 216 S. W. 1109.

The appellant has presented many ingenious arguments to show that the facts here constitute actionable negligence and cite authorities from other states to support the views urged, but we have reached the conclusion that they are not supported by the Texas cases, and that the court did not err in instructing a verdict. In support of this view see Railway Co. v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825; Railway Co. v. Morgan, 92 Tex. 98, 46 S. W. 28; Dobbins v. Railway Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; also the Missouri case of Kelly v. Benas, 217 Mo. 1, 116 S. W. 557, 20 L. R. A. (N. S.) 903.

Affirmed.

## On Rehearing.

HIGGINS, J. Supplementing the statement in the original opinion of the appellant's pleadings, we quote from the petition as follows:

It was alleged:

That the plaintiff, "then being only seven years of age, was playing in Copper street, which is one of the public streets in the city of El Paso, and along which street, about the middle thereof, the first-named defendant then owned and operated an electric street car line, conducted in the usual manner, and said child was attracted by a large pile of cross-ties of the kind and dimensions usually used in constructing street car lines and railroads, which pile of cross-ties were in the possession of the first two named defendants and of the partnership of Stone & Webster, and had theretofore been piled up in said street some day or two before that by the first two named defendants and by said partnership of Stone & Webster, acting through their duly authorized agents and employees, and in such manner as to make said pile of cross-ties attractive to children to play upon and climb upon, and said pile of cross-ties were so stacked or piled as to be dangerous, and so that one or more of the ties near the top of the pile would easily fall and roll down by the act in pulling on it or putting its weight thereon as might reasonably be expected when such a child would be playing thereon.

"That such pile of cross-ties was then and there in the said public street and was placed there without authority of law and maintained by said parties placing the same there in such manner as to constitute a nuisance to the public and render it dangerous for children of the age of said minor that might be using or playing about said place in the street, and said locality was in the residence district of the city of El Paso near which a great many people and families resided.

"That while said minor was so playing in

said street and upon said pile of ties one of them fell upon him and crushed one of his legs."

It was further alleged:

"That the first two named defendants and said partnership of Stone & Webster were guilty of negligence in placing said pile of ties in said street and maintaining the same there and in so piling or stacking the same as to make attractive to children and to cause children to play thereon, and in so piling or stacking such ties as to make those on or near the top of the pile, and especially the one that fell upon plaintiff, easy to topple off and fall or roll down from its position to the ground, which acts of negligence were the proximate cause of the injuries complained of."

[1] In appellant's motion for rehearing it is insisted that this court has stated the facts too strongly against him. A peremptory instruction against appellant having been given, the evidence must be viewed in its aspect most favorable to him, and in view of the criticism made, which in some respects may be well taken, we now correct statements in the original opinion, to which exception is taken, as follows:

[2] The statement is withdrawn that:

"The side of the street and sidewalk where the work was being done and the accident happened was blocked with horses, wooden barricades at each end of the work."

Appellant complains of the use of the word "jumped" in the finding that the plaintiff jumped from the pile of ties on the occasion of his injury. We amend our finding as to the manner in which plaintiff sustained his injury by adopting his own version of the manner in which the accident occurred, viz.:

"I was just playing up there at those ties when I got hurt. I was with John Hoover, a boy out there in that neighborhood. John was 10 Sunday. He was one of my old chums. We were playing up in that neighborhood. When I got to the ties I just climbed up on them, just playing, having some fun. No one told me not to. I climbed up on top of the ties, and when I got up there I started to get down. I do not know how long I stayed up there on top of those ties before I went to get down. I just climbed on top of them and started on over to climb down again. That is when I fell. I was just getting down. My left foot was on the ground this way. The right one I believe was up here on the ties, and one hand was here on top, and other one was down below. I started to get down, and one tie rolled off on me. The one I had my hand on, the top one, rolled off on me. I was on the north side of this pile. I did not know when I went up there that was dangerous. I did not know one of them was liable to fall. I just went up there playing. * * *

"I came from home down to this pile of ties. I do not know how many blocks it is from my home to the ties. Johnnie climbed up on the pile of ties, too; we both climbed up. I got up on the south side of the pile of ties, which is the side down this way, the side farthest from the curbing or paving. * * *

"I crawled up on the ties from the south side. I did not do anything when I got up there, just climbed up on them and started back down. I did not stay up there any length of time at all. I just climbed up on them and walked over the top and started down on the other side. I came down on the north side. This tie that afterwards fell on me I did not touch it with my foot when I climbed down; I just walked over it. Yes, sir; I held onto it; just had my hand upon it. It started to pull off when I tried to drop down. I had my hand on it. I dropped down and it pulled off on me. * * * "

This statement is also withdrawn:

"There is no evidence in this record that this pile of ties was attractive to children unless the mere fact that children played upon it be evidence of the fact, so we have no proof of an invitation by estoppel or otherwise. But appellant says these ties were upon the public street or sidewalk where he had the right to be. We do not concede this, but on the other hand, think the facts show that the public character of the sidewalk had been temporarily abandoned by the city giving defendants authority to close it for the purpose of the public work, and it had in fact been done."

Exception is also taken to the statement:

"In the first place, this case has been plead and tried upon the theory that the stack of ties constituted a place or thing attractive to children as a place to play, under the principle of law applied in the Turntable Cases."

—because appellant says he is not relying upon the doctrine of the Turntable Cases. The pertinent portions of the petition have been quoted. It speaks for itself, and the statement of our interpretation of plaintiff's theory is withdrawn.

The corrections made do not affect the conclusion reached in the case. And, while appellant disclaims relying upon the turntable doctrine, we are nevertheless of the opinion that the Texas decisions relating thereto control the disposition of the case, and that under these decisions the peremptory instruction was proper.

In the Turntable Cases the children had entered upon the private property of the defendants, and in the present case the pile of ties extended out from a vacant lot onto the public sidewalk not more than about four feet. But there is no causal connection between the plaintiff's injury and the projection over upon the public sidewalk. The plaintiff was not using the sidewalk for the purpose of passage, but all the testimony shows that he ascended the pile from the south side, which was wholly on the vacant lot. The result would have been the same if the pile had been situated a few feet more to the south and wholly on the lot. The plaintiff and his companion, after the manner of boys, were simply upon pleasure bent. They selected the pile of ties as a playground, and in our opinion no legal duty

rested upon appellee to so pile the ties as to make them a safe place to play. And if no legal duty of that nature rested upon appellee it is not liable. We think the Texas cases cited in the original opinion support this conclusion.

The motion for rehearing is overruled.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes