### MOREMAN GIN CO. v. BROWN et al.
### (No. 7693.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1927. Rehearing Denied March 9, 1927.)

1. **Death ☾⟹101—Defendant could not object to verdict allowing widow entire recovery for husband's death.**

In action by widow individually and as next friend to five children for wrongful death of husband, defendant could not on appeal object to jury's awarding damages "to be paid to Mrs. M. K. Brown for all relief, general and special, legal and equitable," by which minors were denied relief.

2. **Negligence ☾⟹32(1)—Gin company held liable for fall of unsafe derrick injuring patron impliedly invited to use derrick for loading cotton.**

Gin company *held* liable for death of patron bringing in seed cotton to be ginned and bailed, where deceased was impliedly invited to use derrick for loading cotton, which fell and struck him while he was approaching it, due to its poor state of repair, deceased being within class of persons on defendant's premises for mutual benefit.

3. **Negligence ☾⟹65—Patron bringing cotton to gin held not contributorily negligent in approaching derrick used for loading cotton.**

Patron of gin company, bringing cotton to be ginned and baled, *held* not guilty of contributory negligence in going near derrick used for loading cotton, which deceased was impliedly invited to use, derrick being in poor state of repair.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Mrs. Mittie Brown, for herself and her minor children, against the Moreman Gin Company, in which J. M. A. Brown and another intervened. Judgment for plaintiff individually and against defendant, and defendant appeals. Affirmed.

Kleberg & North, E. B. Ward, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellant.

Boone & Savage, of Corpus Christi, and H. S. Bonham, of Beeville, for appellees.

FLY, C. J. Mrs. Mittie Brown, for herself and her minor children, Morris Brown, M. K. Brown, Jr., Lucille Brown, Lila Mae Brown, and Robert Lee Brown, instituted this action against the Moreman Gin Company, a private corporation, to recover damages for the death of M. K. Brown, the husband of Mrs. Brown and father of the children, which death it was alleged was caused by the negligence of said gin company. It was alleged that the deceased at the request and invitation of the gin company took a load of cotton to one of the gins of the company to have it ginned and baled; that while waiting for the work to be done he walked near where a hoisting crane or derrick was being operated to load cotton on vehicles for transportation, and said crane or derrick fell upon him and broke his spinal column and severed the spinal cord, causing his death after three weeks of intense suffering and excruciating agony. Appellant filed numerous exceptions to the petition, and alleged that deceased had been guilty of negligence which contributed to his injury and death.

The cause was submitted to a jury on nine special issues, and upon the answers thereto judgment was rendered by the court in favor of Mrs. Brown, individually, for $5,000, but that she recover nothing in her capacity of next friend for the minors, and that J. M. A. Brown and Martha Brown, parents of deceased, who had intervened in the suit, recover nothing.

[1] For what reason no damages were allotted to the minors by the jury does not appear in the record. It is evident, however, that the jury, for some reason or no reason, desired to deny them damages, for in answer to the issue as to what sum would reasonably compensate Mrs. Brown and the children, the jury answered: "$5,000, the amount to be paid to Mrs. M. K. Brown for all relief, general and special, legal and equitable." It is a singular verdict, but appellant has no cause to complain.

---

☾⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] The evidence shows that the deceased, M. K. Brown, went to the gin of appellant upon its invitation to have two bales of cotton ginned and baled, and while waiting at a place near his vehicle, loaded with seed cotton, for his cotton to be taken by appellant and prepared for him, he walked to a place near where a derrick for loading cotton was in use, and the derrick fell and injured him so that he died. He was at a place when hurt where it was customary for the patrons of the gin to go, and where appellant permitted and invited him to go. He had done nothing towards handling or using the derrick when it fell and broke his back and otherwise injured him. He was not guilty of contributory negligence in going near the hoisting crane or derrick, and it fell from the negligence of appellant in not keeping it in a proper state of repair. Deceased was not an intruder on the premises, nor at the particular spot where he was hurt, but appellant had by its acts invited its different patrons to use the derrick and to assist one another in using the derrick. Deceased had gone to the place where persons were engaged in loading their cotton with the derrick, but was struck down when he had not touched the derrick. Brown had the right to go to any part of the yard upon the implied invitation of appellant.

The authorities cited have no bearing upon the case made by the facts herein, which show an invitation to the deceased to go upon the premises and where he was when injured. Take for instance the case of Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111, in which a boy went to a place in a mill that was to be used only by employees, and while there, without the knowledge or consent of the mill company, was injured, and the court in citing the cases of Railway v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825, and Dobbins v. Railway, 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856, said:

"These cases repudiate the contention that the owner of premises is under any general duty, in putting and keeping thereon buildings and other structures used by them in their legitimate businesses, to exercise care to make them safe for the use of others, even children, coming thereon without invitation, authority or allurement. * * * That is very different from the proposition that the owner, after he has constructed and is keeping upon his premises machinery, or other thing, with which there is danger of contact resulting in injury to those coming thereon, may not make himself responsible for their coming and consequent injury by some course of conduct calculated naturally to bring it about. That he may is so well established that the proposition hardly needs to be stated; and hence, it is obviously true that there is a duty to abstain from such a course of conduct as that just stated, or else to take proper precaution to protect from injury those likely to be drawn into danger by it; and that the nonobservance of that duty, resulting in injury, to one entitled to take advantage of it, is actionable negligence. Therefore it is, that the invitation, license or allurement of others to come upon one's premises may give rise to a responsibility on his part which, without such invitation, license or allurement, would not exist, for injuries sustained by them from dangerous things thereon against which he has not exercised ordinary care to guard them."

The quotation gives the law, though in a somewhat cryptic manner, and evidently the Supreme Court was endeavoring to limit the scope of the "turntable cases," and confine their application to narrow bounds. The opinion simply harked back to the well-established law of the land.

It has been held that a reliable test in determining "the duty owed by the owner, to inquire whether or not the injured person at the time of the injury had business relations with the owner of the premises which would render his presence of mutual advantage to the two, or whether his presence was for his own convenience or on business with others than the owner of the premises." The deceased comes easily within the class of those who were on the premises of appellant for the mutual benefit of both, and went to the place on the premises under an implied invitation to go there. Hicks v. Railway (Tex. Civ. App.) 212 S. W. 840.

It has been well said, however, that no invariable test for the difference of a licensee and a person on premises by invitation can be given in general terms, but the rule laid down by the Supreme Court of Massachusetts in Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463, is commended by Elliott in his work on Railroads, § 1249, as well as by others. The rule is thus stated:

"To come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant."

The facts of this case would not only bring the deceased within that definition of an invited person, but also within the purview of the rule as to persons who have been induced to use crossings by railroad companies, for the reason that an inducement was held out by appellant to all its patrons to use the hoisting crane or derrick, either for themselves or to assist other patrons. Buswell on Personal Injuries, § 66; Cooley on Torts, pp. 1258, 1259.

There is no merit in this appeal, and the judgment is affirmed.