## Richmond.

### CLARK, BY, &C. v. CITY OF RICHMOND.

#### MARCH 17th, 1887.

#### (LEWIS, P.—*Absent.*)

1. MUNICIPAL CORPORATIONS — *Liability* — *Streets.*—Such a corporation having by its charter power to lay out, improve, light and keep its streets in order, is liable in damages to any person who may sustain injuries by reason of its neglect to keep its streets in proper and safe condition, if it has notice, express or implied, of the defect. *Noble* v. *City of Richmond*, 31 Gratt. 271.

2. IDEM.—*Excavation.*—And where it permits an excavation to remain without proper guards so near the highway that one rightfully using it may, without fault, by unintentional deviation, or accidental misstep, sustain injury by falling into such excavation, it is also liable.

3. IDEM.—*Trespasser.*—But where, in order to reach the place of danger, the party must quit the highway and become a trespasser on another's premises, such corporation is not liable.

4. IDEM.—*Children—Case at bar.*—Nor is it actionable negligence in such a corporation to have a place "so alluring to children" as that mentioned in the evidence, exposed without barriers, when it could only be reached by leaving the highway and trespassing on another's premises.

5. APPELLATE COURT — *Evidence — Instructions.* — Where the evidence shows that a party was not entitled to the instructions given by the court below, and that he could not thereby have been prejudiced, this court will not reverse the judgment.

6. IDEM.—*Quære.*—Where the only bill of exceptions in the record is to the refusal of the court to give instructions asked for by the appellant, and does not set forth all the evidence, and show that a new trial was moved for, and denied, can this court set aside the verdict and remand the cause for a new trial? *Rhea* v. *Trotter*, 26 Gratt. 599 ; *Briggs* v. *Hall*, 4 Leigh, 528.

Error to judgment of circuit court of city of Richmond, rendered on the tenth day of July, 1884, in an action at law, wherein Frank A. Clark, an infant suing by next friend, was plaintiff, and the city of Richmond was defendant. At the trial the plaintiff asked for instructions, which the court denied, but gave instead an instruction of its own. Whereupon the plaintiff filed his bill of exceptions to the ruling of the court, wherein he set out that he "introduced testimony tending to prove" his case, &c., but did not set forth all the evidence that was before the jury. No motion was made to set aside the verdict, which was for the defendant. To the judgment rendered upon this verdict the plaintiff obtained a writ of error. The opinion states the facts of the case.

*W. W. & B. T. Crump*, for plaintiff in error.

*C. V. Meredith*, for defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of *tort* brought by Frank A. Clark, an infant of tender years, who sues by his next friend, against the city of Richmond, to recover damages for injuries sustained by him in falling into an open area which, it is charged, the city allowed to remain without a sufficient barrier.

There was a demurrer to the declaration and each count thereof, which being overruled, the parties went to trial, when the jury found a verdict for the defendant.

The plaintiff now complains that the court erred to his prejudice in refusing to give certain instructions asked for by him, and in giving the instruction which it gave.

The bill of exceptions—and there is only one in the case—does not contain all the evidence given at the trial,

but enough of it to exhibit, in the estimation of the plain-
tiff, the relevancy of the instructions asked for by him to
the facts of the case.   Yet meager as this statement of the
evidence is, it is sufficiently full to disclose the fact that
the plaintiff can in no event be entitled to recover.   With-
out, therefore, stopping to consider the action of the court
in the matter of the instructions, and assuming, for the
purposes of the argument, that the *gravamen* of the plain-
tiff's complaint has been fully established, I shall proceed
to state, as briefly as possible, the grounds upon which this
opinion rests.

It appears from the bill of exceptions that the city of
Richmond had been engaged for several months prior to
the date of the accident in elevating the grade of Fourth
street between Byrd and Canal streets, and that this work
was nearly completed on the first of October, 1883.   About
which time the owner of four tenement houses fronting
on Fourth street and adjoining the corner of Byrd street
determined that he would at the same time enlarge an area
in front of his houses, which was then three feet wide and
several feet deep.   As the city wished to utilize the earth
to be obtained from the new area, the digging, by agree-
ment, was done by the city hands as a part of the work on
the street.   On the area thus enlarged the owner—one
Truman A. Parker—constructed along the line of this side-
walk a substantial brick wall, and surmounted the same
with a granite coping.   The top of the coping was at least
fifteen inches—and probably over two feet—above the
general level of the sidewalk.   Such being the condition
of the area on the morning of the accident, the plaintiff, a
child six years of age, but small of stature (not being above
three feet high at most), who had been sent on an errand,
came up this sidewalk, using the walkway until near the
end of the square, when of his own motion he got on top
of the wall, and, while standing or walking thereon, fell

into the area, thereby sustaining the injuries for which he sues.

Is there a right of recovery in such a case? It is well settled in this State that a municipal corporation which has, by its charter, the power to lay out, improve, light and keep its streets in order, is liable in damages to any person who may sustain injuries by reason of the neglect of such corporation to keep its streets in a proper and safe condition. In such cases the duty of the corporation to repair, and its liability for injuries caused by defective streets, is deduced from the special and exclusive powers conferred upon the corporation with respect to its streets, and from the means which, by taxation and local assessments, the law places at its disposal to enable it to discharge this duty. *Noble* v. *City of Richmond*, 31 Gratt. 275; 2d Dillon on Municipal Corporations, § 789. And it is equally well settled that where the corporation permits an excavation to remain unfenced or without proper guards, in such close proximity to the highway as that one rightfully using it may without any fault on his part, but as the result of an unintentional deviation or an accidental misstep, sustain injury by falling into such excavation, such corporation or city will be also liable. *Coupland* v. *Hardingham*, 3d Campbell; *Jarvis* v. *Dean*, 11 J. B. Moore, 354; *Barnes* v. *Ward*, 67 E. C. L. R. 400; *Zettler* v. *City of Atlanta*, 66 Ga. 195; *Bassell* v. *City of St. Joseph*, 53 Missouri, 299. But in these cases, in order to render the corporation liable for injuries occasioned by such excavation, the excavation must substantially adjoin the highway, so that one making a false step, or affected by sudden giddiness, might be thrown in the excavation. *Hardcastle* v. *The South Yorkshire Railroad Co.*, 4 H. & N. 67; *Binks* v. *South Yorkshire Railroad Co.*, 113 E. C. L. 242; *Hadley* v. *Taylor*, L. R., 1 C. P. 54. But if, in order to reach the place of danger, the party injured must become an intruder or

trespasser upon the premises of another, the case will be different, for in such case there is no breach of duty from which the liability to respond in damages can result. From what has been said, it is perfectly obvious that the present case does not fall within the principle announced above; for here the wall and coping may be said to have furnished the plaintiff an ample barrier so long as he was using the sidewalk for purposes of travel.

It is equally impossible to maintain the liability of the corporation upon the second ground suggested by the plaintiff's counsel, namely, that it was negligence in the corporation to have a place so enticing and alluring to children thus exposed without barriers. The obligation of municipal corporations to erect barriers around areas adjoining or extending into its sidewalks or highways grows out of the duty which rests upon municipal corporations to maintain their streets and sidewalks in safe condition for those who may be rightfully using them, whether they be grown persons or children; but this duty cannot be held to extend to the protection of children against every sudden freak that may possess them. Corporations have indeed been held, in some instances, liable for a failure to adopt suitable precautions and safeguards to protect children against turn-tables and dangerous machines which they have permitted to remain sufficiently near their streets and sidewalks to allure and entice children into using them to their hurt; but no case, so far as we are aware, has gone to the extent of holding a municipal corporation liable in damages to a child who had left the street or highway and suffered an injury as a consequence of his having climbed upon a structure entirely without its travelled limits, and fallen therefrom. *Railroad Co.* v. *Stout,* 17 Wall. 657; *Keffe* v. *M. & St. P. Ry. Co.,* 21 Minn. 207; *K. C. Ry. Co.* v. *Fitzsimmons,* 22 Kan. 690.

The same reasons which would warrant us in holding

the defendant liable here would authorize us to hold a corporation liable for an injury suffered by a child who had climbed upon a building in process of construction without the highway, and sustained injuries in falling therefrom.

We are of opinion that there is no liability upon the defendant in this case, and this makes it unnecessary for us to consider whether the court erred in refusing the instructions asked by the plaintiff.

It follows, also, that the plaintiff was not entitled even to the instruction given by the court, and that he could not, therefore, have been prejudiced thereby.

The judgment of the court below is right, and must be affirmed.

RICHARDSON, J., DISSENTED.

JUDGMENT AFFIRMED.