M. Dobbins v. Missouri, Kansas and Texas Railway Company of
Texas.

No. 553.—Decided May 24, 1897.

**1. Injury to Trespasser.**
The law imposes no duty upon the owner of land to use care to keep his property
in such condition that persons going thereon without his invitation may not be in-
jured, whether the injury be to an infant or to an adult. (P. 62.)

**2. Same.**
A railway company was not liable for the death of a child drowned by falling into
a pool of water allowed to accumulate in the ditch upon its right of way. (P. 61.)

**3. Same—Dangerous Path.**
Neither did such liability arise from the fact that the pool was near a path and
plank crossing over the ditch, used for access to the company's platform, where
there was no evidence that deceased was following such path and it was merely for
the use of persons having business with the company. (P. 66.)

**4. Same—Turn-Table Cases.**
The doctrine of the turn-table cases (Railway v. Stout, 17 Wallace, 657, and those
following it) dissented from and criticised. (Pp. 63, 64.)

**5. Same—Statute.**
Art. 4436, Rev. Stats.—in regard to interference with natural drainage in construct-
ing the road—does not impose a duty to prevent the accumulation of water on the
right of way. (Rosenthal v. Railway, 79 Texas, 325, distinguished.) (P. 65.)

Error to the Court of Civil Appeals for the Fifth District, in an
appeal from Dallas County.

*Parks & Carden,* for plaintiff in error.—The court did not err in re-
fusing to instruct a verdict for defendant: City of Pekin v. McMahon,
39 N. E. Rep., 484; Mackey v. City of Vicksburg, 64 Miss., 777; Birge
v. Gardiner, 19 Conn., 507; Harriman v. Railway, 12 N. E. Rep., 453;
Graves v. Thomas, 95 Ind., 361; Irvine v. Wood, 51 N. Y., 228; Clark
v. Dyer, 81 Texas, 339; Stanford v. San Francisco, 43 Pac. Rep., 605;
Blizzard v. Borough of Dannillo, 34 Atl. Rep., 846; Railway v. Her-
beck, 60 Texas, 602; Cook v. Nav. Co., 76 Texas, 354; Daley v. Rail-
way, 26 Conn., 591; Bransom v. Labrot, 81 Ky., 638; Powers v. Har-
low, 53 Mich., 507; Hydraulic Works Co. v. Orr, 83 Pa. St., 332;
Whirley v. Whiteman, 1 Head, 610; Evanisch v. Railway, 57 Texas,
123; Keffe v. Railway, 21 Minn., 207; Railway v. Stout, 17 Wall., 657;
Railway v. Fitzsimmons, 22 Kan., 686; Railway v. Dunden, 37 Kan.,
1; Koons v. Railway, 65 Mo., 592; Ferguson v. Railway, 75 Ga., 637;
Railway v. Bell, 81 Ill., 76; Mfg. Co. v. Cooper, 31 S. W. Rep., 154;
Campbell v. Boyd, 88 N. C., 129.

If the nuisance in question was created by reason of the railroad com-
pany having violated a Texas statute, it was the duty of the court be-
low to charge the jury that it was negligence as matter of law for the
company to either construct or maintain the premises in the condition
that they were in at the time of the accident resulting in the damage.

Railway v. Murphy, 46 Texas, 356; Railway v. Parker, 50 Texas, 347; Railway v. Wood, 69 Texas, 679.   If there was a nuisance defendant was liable without reference to the question of negligence.   City of Fort Worth v. Crawford, 74 Texas, 404.

*Alexander, Clark & Hall,* for defendant in error.—The trial court should have directed a verdict for defendant.   Williams v. Railway, 60 Texas, 205; Railway v. Crum, 6 Texas Civ. App., 703; Barney v. Railway, 28 S. W. Rep,, 1071; Robinson v. Railway, 27 Pac. Rep., 689; Nolan v. Railway, 53 Conn., 461; Haesley v. Railway, 46 Minn., 233; McCarty v. Railway, 154 Mass., 17; Cooley on Torts, 660.

DENMAN, ASSOCIATE JUSTICE.—Prior to the construction of the road-bed of defendant in error there was, several hundred yards north of the point where Letot station is now situated, a depression from the east to the west which carried off storm water from the surrounding lands. Said road-bed having been constructed north and south across this depression without the necessary culverts and sluices to carry off such water, it was in its course westward diverted by the road-bed and compelled to run south in the excavation made on ᐧthe right of way on the east side of the track in building the road.   In its course it passed along by the section house, thence on by the plank platform provided by the company for the reception and discharge of passengers and freight at said station, cutting a ditch several feet deep and forming within two or three feet of the platform a pool of water several feet deep.   From this platform a path led to a store and postoffice across the ditch, which was crossed within ten feet of said pool of water on some plank placed there by the company, such pathway being generally used by persons going to and from the platform.   There were several houses near the pool, one of which was the company's section house about 200 feet therefrom, in which plaintiff Dobbin lived.   The ditch above described ran between this section house and the track, and there was another running on the other side of the house, the two ditches uniting before reaching the pool.   Plaintiff's child, less than three years old, escaped alone from the section house, under circumstances warranting a finding by the jury that neither he nor his wife was guilty of negligence, and a short time thereafter was found drowned in the pool.   From a judgment in favor of plaintiff for damages resulting from the death of the child the company appealed to the Court of Civil Appeals, where the judgment of the trial court was reversed and the cause remanded on the ground that there was "no phase of the evidence which justified a verdict for the plaintiff, and the court should have so instructed the jury."

Plaintiff has brought the cause to this court upon writ of error complaining of said holding of the Court of Civil Appeals and alleging in order to give jurisdiction to this court "that the judgment of the Court of Civil Appeals reversing the judgment of the District Court herein practically settles the case, and petitioner's attorneys here and now state

that the decision of the Court of Civil Appeals practically settles the case, and petitioner further says that no proof other than that made on the trial of this cause in the District Court can be produced upon another trial and that no different evidence nor better evidence can be produced on another trial of this case, than was produced on the trial in the District Court."

In addition to the facts above stated there was evidence from which the jury could have found that the pool at its nearest point was not over two feet from the path, that there was a thickly-settled neighborhood around the station, that the pool was attractive and dangerous to little children of the age of deceased, that such children including deceased had before often played around same, that no precautions were taken by the company to prevent such children from getting into it, that the company was some time before the accident informed of such facts and requested by plaintiff to remove the pool which was not done. There is no evidence in the record from which the jury could have concluded that the child was or had been traveling or attempting to travel said path at or just before it got into the pool. There is no evidence of any pass-way from the section house nor is there any evidence tending to show by what route the child reached the pool. There is no evidence that said path was used or intended to be used by any one other than those going to and from the platform upon business in some way connected with the company.

The common law imposes no duty upon the owner to use care to keep his property in such condition that persons going thereon without his invitation may not be injured. In considering the question as to whether a duty exists there is no distinction between a case where an infant is injured and one where the injury is to an adult, though where the duty is imposed the law may exact more vigilance in its discharge as to the former. If there be no duty the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby. Since the common law imposes no duty on the railroad to use care to keep its right of way in such condition that persons going thereon without its invitation may not be injured and since there is no evidence in the record from which the jury could have found such an invitation to the child, it was no more liable in law for its death than would have been a neighbor had it wandered into his uninclosed lands and been drowned in his tank or creek or been killed by falling down his precipice. Since the principles above stated have been so fully and ably discussed heretofore by many learned jurists we deem it unnecessary to undertake to elaborate them but will content ourselves by referring to the opinion of the Court of Civil Appeals and the following cases decided upon similar facts: Hargreaves v. Deacon, 25 Mich., 1; M. K. & T. Ry. Co. of Texas v. Edwards, 90 Texas, 65; Moran v. Pullman P. C. Co. (Mo.), 36 S. W. Rep., 659; Charleboix v. The G. & M. R. R. Co., 91 Mich., 59; Clark v. Manchester, 62 N.

H., 577; Greene v. Linton, 27 N. Y. Supp., 891; Murphy v. City of Brooklyn, 118 N. Y., 575; Witte v. Stifel, 126 Mo., 295; Galligan v. Metacomet Mfg. Co. (Mass.), 10 N. E. Rep., 171; O'Connor v. I. C. R. R. Co., 44 La. Ann., 339; Richards v. Connell (Neb.), 63 N. W. Rep., 915; Benson v. Baltimore Traction Co. (Md.), 26 Atl. Rep., 973; Sterger v. Van Sicklen, 132 N. Y., 499; Frost v. Eastern R. R. (N. H.), 9 Atl. Rep., 790; Klix v. Nieman (Wis.), 32 N. W. Rep., 223; Galveston Oil Co. v. Morton, 70 Texas, 400; Clark v. City of Richmond, 83 Va., 355; Ratte v. Dawson (Minn.), 52 N. W. Rep., 965; City of Indianapolis v. Emmelman, 108 Ind., 530.

We are aware that there are cases asserting a contrary doctrine, but do not think they are based upon sound principle. They rest mainly upon Railway v. Stout, 17 Wall., 657 (1873), and cases following same known as the "Turn-table Cases." In the Stout case there were three questions to be determined, (1) did the law impose upon the company a duty to use care to keep its property in such condition that persons going thereon without its invitation would not be injured? (2) was the child six years old guilty of contributory negligence? and (3) was the company guilty of negligence in leaving the turn-table unlocked? The first and most important question, without an affirmative answer to which the third could not arise, was not even referred to and, if we may judge from the opinion, that learned court's attention was not called to its presence in the case; the second was admitted by the railroad in favor of plaintiff; and the third, if the first were determined in the affirmative, was clearly a disputed question of fact which the court correctly held was settled by the verdict. The main force of the opinion is spent upon this third question in attempting to show that the evidence was of such a character that the jury were justified in finding that the company had not used such care in guarding the turn-table as a reasonably prudent person would have done under similar circumstances. There could have been no doubt upon this question. The opinion of the court would have been much more satisfactory if it had undertaken to establish instead of assuming the affirmative of the first question. If a child go uninvited upon a neighbor's property and be drowned in his tank, creek or river, or fall off his fence, woodpile, haystack or precipice, or is injured while playing with his cane-mill or corn-sheller, and the courts assume the affirmative of the first question above stated, as was done in the Stout case, the jury would in most cases be warranted in finding that the neighbor had not used reasonable care to so guard his tank, etc., or lock his cane-mill or corn-sheller as to avoid such injury. Under this new doctrine the question as to whether the tank, etc., or the cane-mill, etc., was attractive and dangerous to the child would be for the jury, and they could as truthfully say it was as they could of the turn-table; for our common experience as well as the reported cases demonstrate that a great many more children lose their lives by such means than upon turn-tables. This logical extension or rather application of the doctrine of the Stout case has recently found expression in

the case of City of Pekin v. McMahon, 154 Ill., 141, where a verdict and judgment holding the owner of a lot in the city, upon which there was a pool of water, liable for the death of a boy who went there uninvited and was drowned, was upheld, the court, after assuming the existence of the duty as was done in the Stout case, saying: "The question, whether a defendant has or has not been guilty of negligence in case of such an accident upon his land to a child of tender years, is for the jury. Involved in this question is the further question, whether or not the premises were sufficiently attractive to entice children into danger, and to suggest to the defendant the probability of the occurrence of such an accident; and, therefore, such further question is also a matter to be determined by the jury. (Mackey v. City of Vicksburg, supra; Railroad Co. v. Stout, supra.) The subject of the attractiveness of the premises was submitted to the jury by the instructions given for the plaintiff in the case at bar." See also Stendal v. Boyd, (Minn., 1897), Am. Neg. Rep., Vol. 1, p. 94, affirming such a judgment without discussion on authority of the "Turn-table Cases." Bransom's Adm'r v. Labrot, 81 Ky., 638; Brinkley Car Works, etc., v. Cooper (Ark.), 31 S. W. Rep., 154. The difficulty about these cases is that they either impose upon owners of property a duty not before imposed by law or they leave to a jury to find legal negligence in cases where there is no legal duty to exercise care. In these cases the courts, yielding to the hardships of individual instances where owners have been guilty of moral though not legal wrongs in permitting attractive and dangerous turn-tables and water holes to remain unguarded on their premises in populous cities to the destruction of little children, have passed beyond the safe and ancient landmarks of the common law and assumed legislative functions in imposing a duty where none existed. As a police measure the law-making power may and doubtless should, without unduly interfering with or burdening private ownership of land, compel the inclosure of pools, etc., situated on private property in such close proximity to thickly settled places as to be unusually attractive and dangerous, and impose criminal and civil liability, or both, for failure to comply with the requirements of such law. When such a duty is imposed the courts may properly enforce it or allow damages for its breach, but not before.

We do not wish to be understood as holding that one is not liable for injuries to persons going onto his land uninvited when such injuries are intentionally inflicted, e. g., where a pit is sunk or a gun is set on one's land to injure trespassers. In such cases the liability is based upon the breach of the duty imposed by law not to intentionally injure even a trespasser—and such intent may be evidenced by circumstances, as where one secretly digs a pit across a pathway over his land where he has reason to believe another will pass at night. In such cases the liability is not based upon the assumption that the owner owes a duty to the uninvited person to keep his premises reasonably safe, but upon the fact that he owes a duty to such person not to intentionally injure him. The failure to observe this distinction has led to much confusion.

But plaintiff in error contends that art. 4436, Rev. Stats., which reads as follows: "In no case shall any railroad company construct a road-bed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof," imposed upon the company the duty of preventing the accumulation of water on its right of way. The object of this statute was to prevent the railroad from unnecessarily interfering with the natural drainage of the land on either side of its right of way. The words "for the necessary drainage thereof" express the purpose of the statute, and "thereof" refers to "land." It was not intended to compel the railroad to so leave and maintain the excavations made from time to time on its right of way in such condition as to prevent the accumulation of water therein. While such a requirement might be just in some places, it would be so very burdensome when applied to all portions of the road, as this statute was evidently intended, that courts should not construe it as imposing the duty contended for by plaintiff in error in the absence of language plainly expressing such intention on the part of the law-making power. We do not regard Rosenthal v. Railway, 79 Texas, 325, as in conflict with the construction here given to the statute. There the water was backed up onto the adjoining land and was allowed to remain until it became stagnant and offensive. The condition of the water was a nuisance interfering with Rosenthal in the enjoyment of his property, and the company would have been liable at common law for that reason if the water had been confined to its right of way. The fact that the company so constructed its road-bed as to violate the statute by backing the water over the adjoining land aggravated and increased the nuisance, for even pure water thus backed upon his lots became a nuisance.

The case before us is not within the rule of law imposing upon the owner the duty not to permit any dangerous excavation to remain on his own land so near a street or highway as to injure persons who while attempting to follow same may by mishap fall therein, because (1) there is no evidence tending to show that the child was at the time of the accident traveling or attempting to travel the path, and such duty is not imposed as to persons who approach the excavation by any other route, and (2) the path not being a public road but merely for the use of persons going to and from the platform on business connected in some way with the companny, the invitation to use it would probably not apply to the child in this case and therefore the law did not impose the duty above mentioned on the railroad as to it—such duty being imposed only as to persons thus invited to use the path.

Being of opinion that the Court of Civil Appeals did not err in reversing and remanding the cause on the ground above stated, it becomes our duty under the statute to here enter judgment that plaintiff in error take nothing by his suit, which is accordingly done.

*Affirmed and judgment rendered.*