## CARLISLE v. J. WEINGARTEN, Inc.

### No. 10618.

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1938.

Rehearing Denied Nov. 3, 1938.

she went to one of appellee's stores for the purpose of making the purchases. She took her two children with her (i. e., appellant and a son who was then about six years old) because she had no one to leave them with at home. She was accompanied also by a niece, who was from out of town, and who was sixteen years old. The grocery department was run on the "serve yourself" plan, being fenced off from the rest of the store, with the entrance thereto being through turnstiles, and having baskets furnished by the store for customers to use to place the articles they selected from the display on the shelves. At the exit from such department checkers were stationed to check purchases, and see that the correct charges were made. The articles which were exposed for sale were displayed on shelves, which were on either side of aisles through which customers passed in making the selections of their purchases. These aisles were about six feet wide.

On the occasion in question Mrs. Carlisle was in the grocery department, with her niece and children. She and her niece both had baskets, and were passing down an aisle, followed by her children. She heard appellant scream, and looked back and saw appellant lying sprawled on a pasteboard carton, with her hands on one side of it, and her feet on the other. Mrs. Carlisle was about four feet ahead of appellant when this happened. The carton was the type used to contain 24 No. 2 cans (which, with their contents, weighed approximately two pounds each). Mrs. Carlisle had not seen the carton when she passed it, though the aisle was brightly lighted. Mrs. Carlisle picked appellant up, and let her walk to their car. When they reached home appellant fretted and cried, and Mrs. Carlisle gave her aspirin, and rubbed her leg with alcohol. She then found a bruise on appellant's leg that looked a little red, but the skin was not broken. This happened on Monday, on the following Friday a doctor was called. No report of the accident was made to appellee at the time, and appellee knew nothing of it. At the conclusion of appellant's case, the court, on appellee's motion, instructed a verdict against appellant.

W. H. Hanson and B. C. Johnson, both of Houston, for appellant.

Wood & Morrow and M. S. McCorquodale, all of Houston, for appellee.

CODY, Justice.

The principal question in this case is this: Is a child that accompanies his mother to a store an invitee or licensee of such store, where the mother is in the store in the capacity of customer, but the child accompanies the mother solely as a matter of his and his mother's convenience, and not as a customer or prospective customer, nor to assist in carrying purchases?

Appellant, who was plaintiff below, is the daughter of Mr. and Mrs. Carlisle, and on July 22, 1935, was between eight and nine years old. On that day Mrs. Carlisle's brother gave her a list of groceries which he wanted her to buy for him, and

"Those who keep premises for the carrying on of business with the public impliedly invite people to come and transact business with them, and from this invitation arises the duty to keep the premises

in suitable condition for use by those accepting it." Galveston Ry. Co. v. Matzdorf, 102 Tex. 42, 112 S.W. 1036, 1037, 20 L.R.A.,N.S., 833, 132 Am.St.Rep. 849. But, "The common law imposes no duty upon the owner to use care to keep his property in such condition that persons going thereon without his invitation may not be injured  In considering the question as to whether a duty exists, there is no distinction between a case where an infant is injured and one where the injury is to an adult, though where the duty is imposed the law may exact more vigilance in its discharge as to the former.  If there be no duty, the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby." Dobbins v. Missouri, K. & T. Ry. Co., 91 Tex. 60, 41 S.W. 62, 38 L.R.A, 573, 66 Am. St.Rep. 856.  Appellant was not an invitee, as she was not in the store as a customer nor prospective customer  And she was not there in the right of the mother, to assist her mother.  "The court cannot judicially know that children are invited by a merchant to come with their parents to the store, merely for a purchase by the parent for the parent, but can take notice as a matter of common knowledge, that they are permitted or licensed so to do.  Where a mother is invited to come and trade, her children are commonly permitted to accompany her."  Petree v. Davison, etc., Co., 30 Ga.App. 490, 118 S.E. 697, 698.  That appellant was a mere licensee is apparent from the facts testified to by her mother, that she brought her children to the store, because she had no one at home with whom to leave them; so this child was in no legal sense there at the invitation of the appellee.

If appellant was a licensee, appellee was under no duty to her not to have a carton in the aisle.  A licensee must take the premises in the condition he finds them.  If the law imposed no duty on appellee to a licensee not to have a carton in its aisle, the fact that appellant was between eight and nine years old would not do so.  Dobbins v. Missouri, K. & T. Ry. Co., supra.

The learned trial Judge did not err in instructing a verdict for appellee.  We base this ruling solely on the ground that the evidence established that appellant was a mere licensee, and was insufficient to show that appellee violated any duty which it owed appellant.  We pass on no other points, except that we have considered appellant's briefs over appellee's objection.

The judgment of the trial court is ordered affirmed.

Affirmed.

PLEASANTS, C. J., absent.