Ernest M. HOOPER, Appellant,

v.

M M CATTLE COMPANY, Appellee.

No. 6471.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 21, 1955.

Rehearing Denied April 11, 1955.

Mullinax & Wells, Dallas, and James P. Linn, Spearman, for appellant.

Sanders, Scott, Saunders & Smith, Amarillo, for appellee.

NORTHCUTT, Justice.

This was an action brought by appellant, Ernest M. Hooper, for damages for the death of his nine year old son who drowned June 10, 1949 in a pool of surface water impounded by Borger Properties, Inc., when the latter dammed up a natural drainway for the construction of a housing project in Borger, Texas. Borger Properties, Inc., was not made a party to this suit. Originally J. A. Whittenburg, Jr. and Roy R. Whittenburg, both individually and as executors and/or trustees of the Estate of J. A. Whittenburg, Deceased; B. E. Walker, individually and as guardian of the Estate of Jake Whittenburg, non compos mentis; Jake Whittenburg, non compos mentis, and M M Cattle Company, a corporation, were made parties defendants. Jake Whittenburg and M M Cattle Company were the parties owning Section 13 here involved.

The trial court dismissed all of the defendants except M M Cattle Company. The case was tried to a jury upon several special issues. The verdict of the jury was favorable to the M M Cattle Company and the trial court granted judgment that the plaintiff take nothing and that all costs be taxed against the plaintiff. The plaintiff has perfected his appeal from this judgment and presents his appeal upon four points of error. The first three points complain of the action of the trial court in dismissing all of the parties to this suit except M M Cattle Company and point four complains of the admitting of hearsay and irrelevant testimony of J. A. Whittenburg, Jr. and Roy R. Whittenburg as to a conversation had by them with Dick Hughes concerning the filling and blocking of a ditch and leveling of land on the "old Whittenburg land" producing a pool in which the plaintiff's son drowned. As shown by this record, the plaintiff did not present to the court and request any additional special issues be submitted. Under the verdict of the jury, the court could not have rendered any other judgment than that which was rendered.

Plaintiff pleaded as a part of his cause of action as follows:

"That the defendants on June 10, 1949, were the owners of the following described property located in Hutchinson County, Texas, and being the Southwest Quarter (SW¼) of Section Thirteen (13), Block Y, M and C, Survey. That prior to December 14, 1946, certain property adjoining to the west and above-described land was sold to Borger Properties, Inc., a corporation. That the Borger

Properties, Inc., developed said property into a residential section, and in the process of so developing said property, in the summer of 1947, filled in part of a canyon or ravine which extended across part of the defendant's property, over a part of the land being developed, the Borger Properties, Inc., filled in the area up to the property line of the defendants herein, leaving unfilled that part of the canyon or ravine located on defendants' land. This unfilled part was in the form of a large hole, which later collected rainfall and drainage water, forming a water hole approximating one hundred twenty (120') feet in length from east to west and fifty (50') feet wide from north to south, varying in depth from more than ten feet at the western end of said hole, to shallow water at the eastern end."

The undisputed record in this case is that the surface water from Section 13 naturally flowed to the west onto the Borger Properties, Inc., land. It is pleaded by the plaintiff and undisputed that Borger Properties, Inc., filled in a canyon or ravine on its own property up to the line dividing its land and the land of the defendants, Jake Whittenburg and M M Cattle Company, thereby creating and maintaining the hole in question where the boy was drowned.

In the view we have taken on this case, we are of the opinion that the trial court did not commit error in any of the four points as contended by the appellant; but, should we be wrong in that opinion, then we are of the opinion that the same would be harmless because, under the undisputed record in this case, there was no liability on the part of any of the original defendants.

Article 7589a of Vernon's Revised Civil Statutes of the State of Texas provides that it is "unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this State * * * or to impound such waters * * *." It

is undisputed that Borger Properties, Inc., was the one that impounded the natural flow of the surface water in question. There was no attempt to show the costs the defendants would have been to if they tried to fill this hole or how much of the ravine would have to be filled until there would be no hole left on the defendant's property.

It has never been successfully determined that one who diverts flood waters from their natural drainage or impounds such waters on his own premises is not liable for damages caused by the overflow of such diverted waters. City of Brady v. Cox, Tex.Civ.App., 48 S.W.2d 511.

In this suit, plaintiff sought to recover damages under what is understood as the attractive nuisance theory. A person is not liable under the attractive nuisance doctrine where he has no control of the property on which the thing complained of exists. Neither does the attractive nuisance doctrine apply to natural conditions but applies only to things or conditions artificially created and maintained. It was not shown there was ever a hole where the child drowned until the Borger Properties, Inc., filled in where the natural drainage of the flood waters escaped. None of the defendants did anything to create the pool. The hole or pond was created by a dam built by Borger Properties, Inc., on its land and the dam was maintained by it on its own property. If the defendants could be held liable in the present case, they would also be held liable if the fill or dam had been placed a mile down the draw and the water caused to back up on the defendant's property. We have not found a Texas case that we consider directly in point as to the facts but the case of Peters v. Bowman, 115 Cal. 345, 47 P. 113 seems to be directly in point and we approve of the holding there as being applicable to the case at bar and in a case like this there can be no recovery as against defendants situated as these defendants were.

Appellant's assignments of error are overruled. Judgment of the trial court is affirmed.