Parker WEAVER and S. E. Cone, Appellants,

v.

H. P. WIMAN, Appellee.

No. 6495.

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1955.

Rehearing Denied May 23, 1955.

Crenshaw, Dupree & Milam, Lubbock, for appellants.

Crenshaw & Griffith and Bob. Huff, Lubbock, for appellee.

NORTHCUTT, Justice.

H. P. Wiman sued R. E. Hensley, Parker Weaver and S. E. Cone for damages which he alleges happened on the farm of R. E. Hensley in Hockley County, Texas. The suit was filed in Hockley County, Texas. Hensley resided in Hockley County, Texas; Weaver in Tarrant County, Texas and Cone in Lubbock County, Texas. Weaver filed his plea of privilege to be sued in Tarrant County, Texas and Cone filed his plea of privilege to be sued in Lubbock County, Texas. Both of these pleas were controverted and, upon a hearing as to said pleas, the court overruled both pleas of privilege and held the entire case in Hockley County, Texas where the suit was originally filed and from this order overruling both pleas of privilege, Weaver and Cone perfected this appeal. There is no question but what the parties resided as alleged. Hensley owned the land in question. The land was in what is referred to and known as Labor 12 and Labor 13. Weaver had an oil and gas lease upon Labor 12 and had several oil and gas wells thereon. Cone had an oil and gas lease upon Labor 13 and had several oil and gas wells thereon. Hensley was employed by Weaver to perform the operations necessary and incident to the management of his wells and paid him for such services and Cone likewise employed Hensley as to his wells and paid him for such services.

Some time prior to the accident in question, Weaver had ceased to send Hensley's money directly to him but sent it to Cone and Cone, in turn, paid Hensley for both jobs but Cone never gave Hensley any instructions.

Sometime during May, 1952, Hensley, without the knowledge or consent of either Weaver or Cone, installed a fuel system to carry raw gas from one of the wells owned by Weaver to an irrigation well owned by Hensley upon Labor 12. There is no showing in this record that Weaver

or Cone ever knew about Hensley installing said fuel system to said irrigation well and neither is there any proof that Hensley had any right to make such connection and use gas from any of said gas wells and neither did he pay anything for the use of said gas and no reports were ever made as to such use.

Appellee alleges that some time prior to February 25, 1953, Hensley purchased a policy of insurance from a salesman for The Republic National Life Insurance Company and, on February 25, 1953, appellee, as agent for such insurance company, went to Hensley's farm to deliver the policy purchased but there is no proof as to this allegation. Appellee did not testify at the hearing. Hensley testified he had only seen appellee one time and that he, Hensley, bought the insurance from Hubert Lee and that Hubert Lee delivered the policy to him before any of them ever went down to the irrigation well where the accident happened. The undisputed record is that Hensley, after all business between Hensley and Lee had been completed, got in his own pick-up and went by himself to the irrigation well and that appellee and Lee followed Hensley down to the irrigation well which was about one-half mile the way they had to go and that appellee and Lee went in Lee's car. Hensley did not invite them to go with him but they went solely upon their own initiative. The Hensley irrigation set-up was the usual and customary way that all irrigation wells were connected up in that vicinity and had been in use some nine months before this time and nothing had happened to make Hensley suspicion anything was dangerous about it and Hensley had no suspicion that there was anything wrong. Upon the points involved in this appeal, the pleadings are, in several places, directly contrary to the undisputed proof produced on the hearing on the pleas of privilege.

All parties have the right to be sued in the county of his residence unless one or more of the exceptions set out in Article 1995 of the Vernon's Texas Civil Statutes exists. It is the contention of appellee by his controverting affidavit that the trial court correctly overruled appellant's pleas of privilege because appellee brought suit within Subdivisions 4 and 29a of Article 1995, supra, while appellants contend that appellee did not bring this action within any of the exceptions contained in Article 1995, supra. Appellee, by his counterpoint one, contends that he pleaded a joint cause of action against all three defendants and proved his cause against Hensley; by his second counter-point, appellee contends that he pleaded a joint cause of action against all defendants and a cause of action was proved against Hensley under the doctrine of discovered peril and his third counter-point is that he pleaded a joint cause of action including charges of active negligence and a cause of action based upon active negligence was proved against Hensley.

Under this record, the appellee could have been nothing more than a licensee. A licensee is one who is upon the premises of another by sufferance and is closely allied to a trespasser. The appellee tried to show by his pleadings that he was there on the business of delivering an insurance policy; but there is no evidence to substantiate such contention and the only evidence there was on that issue was that by Hensley, the only witness testifying, which affirmatively contradicted such contention. Even if it should be considered that appellee was an invitee, which we do not think under this record he was, Hensley only owed the appellee the duty to exercise ordinary care to keep his premises in a reasonably safe condition, and the undisputed record is that this irrigation set-up was the usual and customary way that all the irrigation wells were hooked up out there in that community. This equipment had been used for several months in the same condition and for the same purpose that it was being used at the time and nothing had happened to make Hensley suspicion that such was dangerous.

It is stated by the Supreme Court in the case of Carlisle v. J. Weingarten, Inc.,

137 Tex. 220, 152 S.W.2d 1073, 1074, as follows:

"(1, 2) It is settled by the law of this State that if the plaintiff was on the premises as an invitee, it was the defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition, so that the plaintiff would not be injured; and that if the defendant failed so to do, it would be liable for the damages proximately caused thereby. Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225. On the other hand, if plaintiff was on the premises merely as a licensee, the only duty that the defendant owed her was not to injure her wilfully, wantonly, or through gross negligence. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St.Rep. 611; Dobbins v. Missouri, K. & T. R. Co., 91 Tex. 60, 41 S.W. 62, 38 L.R.A. 573, 66 Am.St.Rep. 856.

"It is not contended that the evidence raises any issue of wilfullness, wantonness, or gross negligence on the part of defendant's employee. Consequently, the material question to be determined is whether plaintiff was on the premises of the defendant as an invitee or as a mere licensee."

We are unable to see, under this citation, that appellee has even shown a cause of action against Hensley.

We are unable to see how Cone could be connected in this matter under any theory. The only way Weaver could be related in this matter is because of the fact that he owned an oil and gas lease on this Labor 12 and that is where appellee alleges that he was hurt. There is no evidence that Hensley was in any manner the agent of Weaver in any connection with this irrigation set-up or that he even knew that Hensley had this set-up connection to the gas well or was using any of the gas. Neither was there any proof to show that this set-up or anything that Hensley did in connection therewith was any part of his work or obligation to Weaver in looking after his gas and oil wells. Everything Hensley did or was doing was for his own benefit and there is no evidence to, in any manner, show that Weaver had any interest in this irrigation of the crops that were being irrigated.

It is stated by the Supreme Court in the case of Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477, at page 480 as follows:

"(1, 2) The venue statutes were enacted for the general purpose of giving a person sued the right to litigate a cause of action in the county of his residence, subject to certain exceptions provided for in the statutes. One of the many exceptions provided for thereunder is Subdivision 4 of Article 1995. An enforcement of the general rule in all cases would result in a multiplicity of suits, creating unnecessary delay and extra costs. It is the policy of the law to avoid such a condition, and where there is a joint cause of action, the venue will lie in a county where one or more of the defendants reside, if sufficient facts are alleged and proved to make out a case against the resident defendant or defendants, or where, as here, if sufficient facts are alleged and proved to make out a case against the resident defendants and the cause of action against the nonresident defendant is so closely related to the cause of action against the resident defendants, that the two may be joined to avoid a multiplicity of suits."

We do not believe there was a joint cause of action proven under this record nor that the appellants were closely related to the cause of action against Hensley. We are of the opinion, and so hold, that the trial court erred in not sustaining the pleas of privilege of Weaver and Cone; and hereby reverse such order and direct that said cause of action as to Cone be transferred to a district court of Lubbock County, Texas, and hereby reverse such order and direct that said cause of action as to Weaver be transferred to a district court of Tarrant County, Texas.

Reversed and remanded with instructions.