**UNITED SUPER MARKETS, Appellant,**

v.

**Maria VALESCO et vir., Appellees.**

**No. 7714.**

Court of Civil Appeals of Texas.

Amarillo.

May 15, 1967.

Rehearing Denied June 12, 1967.

Crenshaw, Dupree & Milam, Lubbock, Cecil Kuhne, Lubbock, of counsel, for appellant.

A. W. Salyars and J. Monty Bray, Lubbock, for appellees.

NORTHCUTT, Justice.

This is a suit brought by Maria Valesco joined by her husband, Jessee Valesco, as plaintiffs, against United Super Markets, as defendant, to recover for personal injuries allegedly sustained by Maria Valesco in falling on the floor in defendant's grocery store. Plaintiffs alleged that Mrs. Valesco entered the store as a business invitee and customer, further alleging the defendant was negligent in the following respects:

"(1) In mopping such floor while customers, including Mrs. Valesco, were using such floor;

"(2) In permitting the fluid from the mopping to remain on such floor;

"(3) In failing to remove water and other fluid from such floor;

"(4) In failing to provide Mrs. Valesco with a safe place to walk while shopping in defendant's store;

"(5) In failing to remove from such floor, prior to Mrs. Valesco's fall, any and all substances rendering such floor dangerous;

"(6) In failing to maintain such floor, at the time and place of such plaintiff's fall, in a safe condition;

"(7) In failing to warn Mrs. Valesco of the danger created by the presence of such fluid on the floor."

The defendant filed a general denial and also alleged, inter alia, that the store was closed and Mrs. Valesco was not a business invitee at the time and on the occasion in question. The trial court refused all of defendant's requested issues and instructions regarding plaintiffs' status as a licensee or business invitee and submitted the case to a jury on issues of negligence and contributory negligence.

In answer to the special issues submitted, the jury found the defendant was mopping the floor prior to the use of the floor by Mrs. Valesco but that such mopping was not negligence; that defendant failed to warn Mrs. Valesco of the presence of such fluid on the floor but that such failure was not negligence; that defendant permitted fluid from mopping of the floor to remain on the floor, such was negligence and a proximate cause of Mrs. Valesco's fall; defendant's manager warned Mrs. Valesco that the store was closed, but that she ignored such warning and that the ignoring of such warning was negligence but that such negligence was not a proximate cause of the accident; that Mrs. Valesco walked into the area of the store where the mopping had been made but same was not negligence; that Mrs. Valesco did not fail to keep a proper lookout for her own safety; that the mopping of the store was open and obvious but that Mrs. Valesco failed to observe the mopping in the store but same was not negligence; that Mrs. Valesco did not know and appreciate the danger of walking on the floor just after it had been mopped; that the accident was not an unavoidable accident and found plaintiffs' doctors and medical expenses to be $150 and her damages as $1,000. The trial court rendered judgment for plaintiffs for $1,150 on the jury verdict. From that judgment the defendant perfected this appeal. The parties will be referred to hereafter as they were in the trial court.

By defendant's first three points of error it is contended the trial court erred in submitting the case as if it were established as a matter of law that Mrs. Valesco's status at the time and on the occasion in question was that of a business invitee. The plaintiff pleaded she was a business invitee and customer of defendant on the occasion in question. The defendant denied plaintiff was a business invitee and pleaded that on the occasion in question the store was closed and the door for customers to enter had been locked; that the plaintiff entered by pulling open the door used for customers leaving the store. Further pleading as plaintiff entered, the manager informed her the store was closed but that she ignored him and proceeded to do her shopping and thereby was nothing more than a licensee.

The plaintiff testified she was with her daughter at the time of the accident. The plaintiff further testified by question and answer as follows:

"Q. Who went in the door first that night?

"A. I let my daughter go in first so she could open the door and I would carry in the baby.

"Q. Did she pull the door open for you?

"A. Yes.

"Q. Do you know whether or not the doors there are usually automatic, Mrs. Valesco, and they open when when you come up to them?

"A. No, sir, I don't recall that the door opened by itself.

"Q. Did your daughter stand there and hold the door open after she pulled it open for you so you could go in ahead of her?

"A. Yes.

"Q. Did she seem to have any difficulty in pulling it open?

"A. I don't recall that detail.

"Q. Do you know whether or not you went in the right, the door on the right side, or the door on the left side?

"A. I think I seem to recall that we entered on a door that was on the left."

Mrs. Lopez, plaintiffs' daughter, testified they went into the right door and it opened itself automatically. She didn't hear the manager tell her the store was closed. Mr. Speegle, the store manager, testified that persons coming in to the store would enter through the right door. The right door would swing inside of the store and the left door for customers to leave the store would go out the left door and that door would swing outside of the store. He further testified they had the right door locked as it was after 9:00 p. m. and that plaintiff came in the left door. He further testified he told them the store was closed but they ignored him when he told them the store was closed and went on with their shopping. Mrs. Irene Thornburg, a checker in the store, testified when the plaintiff came into the store they had already closed and the door was already locked and plaintiff opened the "Out" door and came in. She heard Mr. Speegle tell plaintiff the store was closed.

■ There was other testimony but we believe the above evidence is sufficient to raise the issue as to whether the plaintiff was a business invitee or a licensee. The defendant prepared issues and instructions and requested the court to submit them for the jury to determine whether the plaintiff was an invitee or a licensee but the court refused to give either issue and held as a matter of law the plaintiff was an invitee.

We are of the opinion, and so hold, the trial court erred in holding as a matter of law plaintiff was an invitee. It is stated in Texas Pacific Coal & Oil Co. v. Wells, 151 S.W.2d 927 (Tex.Civ.App.—Waco, 1941, affirmed 140 Tex. 2, 164 S.W.2d 660 (1942) as follows:

"The essential facts upon which a claim of negligence is based may not be presumed, but each component element necessary to support a recovery must be established by competent, admissible evidence. In passing upon the competency of the evidence to raise such an issue, it is the duty of the court to view the same and all reasonable inferences that may be drawn therefrom in the most favorable light for the claimant, and if there be any such evidence, either direct or circumstantial, which when thus viewed may serve as the basis for a legal inference of the fact sought to be established, then such issue, if otherwise material, should be submitted to the jury. On the other hand, if there be no evidence of probative force tending to establish the fact or facts upon which the charge of negligence is grounded, then the court should instruct the verdict."

See also Pogue v. Allright, Inc., 375 S.W.2d 533 (Tex.Civ.App.—Austin, 1964, writ ref'd n. r. e.) where it is stated: "The plaintiff contended in his petition that he was an invitee. The defendant in its answer alleged that plaintiff was a trespasser or licensee. The status of the plaintiff was in issue and the burden of establishing his status was on plaintiff."

■ As we view it, the distinction between invitees and licensees is that invitees come on to the premises by invitation, either expressed or implied; licensees are not invited but their presence is tolerated. In other words, was the store open for business or was the store closed and defendant cleaning up the floor? The testimony is in con-

flict and we believe it would be a jury issue to determine the facts as to establish whether plaintiff was an invitee or licensee. The liability is so different in case of invitee and licensee and there being disputed evidence in this case as to whether plaintiff was an invitee or licensee under the facts, it was an issue to be passed upon by a jury and the court erred in holding the plaintiff was an invitee as a matter of law. It is stated in Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941) as follows:

"It is settled by the law of this State that if the plaintiff was on the premises as an invitee, it was the defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition, so that the plaintiff would not be injured; and that if the defendant failed so to do, it would be liable for the damages proximately caused thereby. Kallum v. Wheeler, 129 Tex. 74, 101 S.W.2d 225. On the other hand, if plaintiff was on the premises merely as a licensee, the only duty that the defendant owed her was not to injure her wilfully, wantonly, or through gross negligence. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St.Rep. 611; Dobbins v. Missouri, K. & T. Ry. Co., 91 Tex. 60, 41 S. W. 62, 38 L.R.A. 573, 66 Am.St.Rep. 856.

"It is not contended that the evidence raises any issue of wilfullness, wantonness, or gross negligence on the part of defendant's employee. Consequently, the material question to be determined is whether plaintiff was on the premises of the defendant as an invitee or as a mere licensee."

Since we sustained defendant's first three points of error and hold the case must be reversed, we will not discuss defendant's other points.

Judgment of the trial court is reversed and remanded.