OPINION
 

 Opinion by
 

 Chief Justice MORRISS.
 

 Tragically, four-year-old Jordan Centrell Woolridge drowned. The summary judgment evidence shows the accident occurred while Jordan, his ten-year-old sister, and her thirteen-year-old friend were playing, unsupervised, in and about a creek on unimproved land owned by East Texas Baptist University (ETBU) located approximately a half mile from the Wool-ridge home.
 

 Lawanda Woolridge, individually and as representative of Jordan’s estate, sued ETBU over Jordan’s death. The trial court granted ETBU’s motion for summary judgment, and Woolridge appeals. This appeal turns on whether the creek was an attractive nuisance either because ETBU had altered its property, thus creating a dangerous condition, or because others created a dangerous condition on the property through off-premises development. The summary judgment evidence demonstrates that ETBU has not altered this property, and Texas law does not recognize a condition as an attractive nuisance if it was created by off-premises alterations by others. Therefore, we affirm the summary judgment in favor of ETBU because the summary judgment evidence demonstrates the creek was not an attractive nuisance under Texas law.
 

 
 *245
 

 Reviewing Summary Judgments
 

 To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element essential to each of the plaintiffs theories of recovery or pleads and conclusively establishes each element of an affirmative defense.
 
 Sci. Spectrum, Inc. v. Martinez,
 
 941 S.W.2d 910, 911 (Tex.1997);
 
 Wornick Co. v. Casas,
 
 856 S.W.2d 732, 733 (Tex.1993). The mov-ant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
 
 Nixon v. Mr. Prop. Mgmt. Co.,
 
 690 S.W.2d 546, 548 (Tex.1985).
 

 In reviewing a summary judgment, we accept all the nonmovanf s summary judgment evidence as true and indulge every reasonable inference in the nonmovant’s favor.
 
 Martinez,
 
 941 S.W.2d at 911. All doubts about the existence of a genuine issue of a material fact must be resolved against the movant.
 
 Johnson County Sheriff’s Posse, Inc. v. Endsley,
 
 926 S.W.2d 284, 285 (Tex.1996).
 

 ETBU contends that the attractive nuisance doctrine does not apply and that the trial court’s granting of ETBU’s summary judgment was therefore proper. The trial court’s order granting summary judgment does not specify the ground or grounds on which the motion was granted. Thus, the summary judgment will be affirmed on appeal if any of the theories advanced by the movant are meritorious.
 
 Rogers v. Ricane Enters., Inc.,
 
 772 S.W.2d 76, 79 (Tex.1989).
 

 Premises Liability and the Attractive-Nuisance Doctrine
 

 The only duty a premises owner or occupier owes a trespasser is not to injure him or her willfully, wantonly, or through gross negligence.
 
 Tex. Utils. Elec. Co. v. Timmons,
 
 947 S.W.2d 191, 193 (Tex.1997); Restatement (Second) of Torts § 333 (1965). However, “when children of tender years come upon the premises by virtue of their unusual attractiveness, the legal effect is that of an implied invitation to do so. Such child is regarded, not as a trespasser, but as being rightfully on the premises.”
 
 Timmons,
 
 947 S.W.2d at 193 (citing
 
 Banker v. McLaughlin,
 
 146 Tex. 434, 208 S.W.2d 843, 847 (1948)).
 

 The theory of liability under the attractive-nuisance doctrine is that,
 

 where the owner maintains a device or machinery on his premises of such an unusually attractive nature as to be especially alluring to children of tender years, he thereby impliedly invites such children to come upon his premises, and by reason of such invitation, they are relieved from being classed as trespassers, but are in the attitude of being rightfully on the premises. Under such circumstances, the law places upon the owner of such machinery or device the duty of exercising ordinary care to keep such machinery in reasonably safe condition for their protection!)]
 

 Banker,
 
 208 S.W.2d at 847-48. In
 
 Banker,
 
 the Texas Supreme Court adopted the statement of the attractive-nuisance doctrine found in Section 339 of the Restatement, which, among other things, requires an “artificial condition” on the land.
 
 Banker,
 
 208 S.W.2d at 847-48;
 
 see
 
 Restatement (Second) of ToRts § 339 (1965).
 

 The attractive-nuisance doctrine applies not to natural conditions, but only to things or conditions artificially created and maintained.
 
 Hooper v. M M Cattle Co.,
 
 278 S.W.2d 170, 172 (Tex.Civ.App.-Amarillo 1955, writ ref'd n.r.e.). The owner is not required to fence or prevent
 
 *246
 
 injury from naturally occurring things, such as lakes, rivers, trees, or creeks.
 
 Maruska v. Mo., K. & T.R. Co.,
 
 10 S.W.2d 211 (Tex.Civ.App.-Austin 1928, writ ref'd). “Although, a property owner may know of the habit of children to visit waters upon his premises, he is as a rule under no obligation to erect barriers or take other measures to prevent them being injured thereby.”
 
 Id.
 
 at 212;
 
 see Dobbins v. Mo., K & T.R. Co.,
 
 91 Tex. 60, 41 S.W. 62 (1897).
 

 The Creek Was Not an Attractive Nuisance
 

 ETBU argues that the creek and the pond within it are naturally occurring conditions and that the attractive-nuisance doctrine thus does not apply. Woolridge argues the creek has been artificially altered due to the construction of pavements, parking lots, drainage ditches, houses, and buildings around the property where the accident occurred. Yet Dan Mueller, Woolridge’s engineer, stated that “[t]he pond that is present in the creek was formed over time from the eroding of the creek bed.” Storm water flows into the pond, and that has increased due to development in the creek’s watershed and the resulting reduction of the absorption of surface water in the watershed.
 

 Woolridge’s expert engineer, Robin Roberts, stated in his affidavit that “[t]he location of the drowning is on unimproved property owned by” ETBU. Roberts stated that the creek, not ETBU or its predecessor in title, dug out a deep hole with steep, slippery sides. There is no evidence that ETBU did anything to create or modify the creek, the pool within it, or its environs.
 

 Hooper
 
 is on point. In
 
 Hooper,
 
 suit was brought for the death of a nine year old who drowned in a pool of surface water impounded by Borger Properties, Inc., when the latter, while building a housing project, obstructed natural drainage.
 
 Hooper,
 
 278 S.W.2d at 171. Borger Properties filled in part of a canyon or ravine on its own land up to its property line with the defendant, M M Cattle Company, creating a relative depression on M M Cattle Company’s land, which collected rainfall and drainage water in which the nine year old drowned.
 
 Id.
 
 The court, holding in favor of M M Cattle Company, opined that
 

 [i]t was not shown there was ever a hole where the child drowned until the [sic] Borger Properties, Inc., filled in where the natural drainage of the flood waters escaped. None of the defendants did anything to create the pool. The hole or pond was created by a dam built by Borger Properties, Inc., on its land and the dam was maintained by it on its own property. If the defendants could be held liable in the present case, they would also be held liable if the fill or dam had been placed a mile down the draw and the water caused to back up on the defendant’s property.
 

 Id.
 
 at 172. Similarly, ETBU is not liable under the attractive-nuisance doctrine, since it does not have control over the residential and commercial development around its property and it has not modified the creek or its environs.
 
 See id.
 
 Sam Fogle, vice president of administration and finance, who has ultimate responsibility ovér the real properties owned by ETBU, stated in his affidavit that the property where the creek is located was acquired through donation in 1952, and ETBU has never developed the property. He further stated the property as of today has remained an undeveloped, wooded tract of land. Fogle also stated in his deposition that ETBU has not used the property in question for any reason. The record is devoid of evidence of any changes or improvement to the property.
 

 
 *247
 
 Eric Wilburn, the director of ETBU’s physical facilities, who directly oversees ETBU’s real property, stated in his affidavit that the property where the creek is located has never been used by ETBU for development. Wilburn stated that the property “remains in a raw, undeveloped, and heavily wooded state.” Those assertions of fact are not contradicted in the evidence.
 

 Woolf
 
 is also on point. In
 
 Woolf,
 
 four-year-old Jackie Woolf drowned in a pool of water in a creek located on property owned by Luella Carver.
 
 Woolf v. City of Dallas,
 
 311 S.W.2d 78 (Tex.Civ.App.-Dallas 1958). The trial court granted the defendant’s summary judgment, and the court of appeals affirmed the judgment.
 
 Id.
 
 The court of appeals reviewed numerous affidavits from the owner of the property and the neighbors, and concluded the testimony and affidavits show without dispute that
 

 the waterway involved was a natural creek or stream formed as a natural part of such stream by forces of nature and that it had existed in its present condition, size and depth for about fifty years without change which would alter the course of the stream or the size or depth of the pool.
 

 Id.
 
 at 87. Similarly, in this case, the summary judgment evidence from Mueller, Roberts, Fogle, and Wilburn show without dispute that ETBU’s creek has remained without change for over fifty years.
 

 ETBU has successfully negated the artificial condition requirement required by the attractive-nuisance doctrine. Wool-ridge has not provided any evidence that ETBU altered the creek or its environs and thus has not raised a genuine issue of material fact. Because there was no attractive nuisance, any knowledge by ETBU of the creek’s dangerousness, or of children playing around the creek, is irrelevant. Therefore, the trial court did not err in granting ETBU summary judgment.
 

 We affirm the trial court’s judgment.